UNITED STATES DISTRICT COURT'
FOR THE DISTRICT OF COLUMBIA

ROBERT FISH
486 Mount View Rd.
Thorndike, ME 04986

    Plaintiff,

v.

UNITED STATES OF AMERICA

and

ROBERT S. MUELLER,
  *in his official capacity*
Federal Bureau of Investigation
935 Pennsylvania Avenue
Washington, DC 20535

    Defendants.

Case No.:

## COMPLAINT
(Federal Tort Claims Act; Assault by Law Enforcement Officer; Negligence)

Plaintiff, Robert Fish, by and through undersigned counsel, brings this claim against Defendant, United States of America, for his cause of action and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and § 2671, et seq.

2. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(e), as the defendant resides / is headquartered in the District of Columbia and the events giving rise to the claim occurred in the District of Columbia.

## PARTIES

3. Plaintiff ROBERT FISH is an adult resident of Maine.

4. Defendant, UNITED STATES OF AMERICA, was the principal of law enforcement officer John B. Louryk during the period of the events giving rise to this claim.

5. John B. Louryk was a law enforcement officer paid by the Metro Transit Police.

6. Effective July 7, 1999 and at the time of the underlying events, John Louryk was working pursuant to a Special Deputation whereby he was deputized as a federal law enforcement officer. Louryk's oath of office and credential was executed on July 7, 1999 by Donald W. Horton, Chief Deputy, U.S. Marshal.

7. At the time of the underlying events, John B. Louryk was a law enforcement officer assigned full-time to the Washington Field Office (WFO) of the Federal Bureau of Investigation (FBI), Washington Joint Terrorism Task Force (WJTTF). He received his responsibilities and assignments from the federal government and reported to his direct supervisor, James Rice III in connection with the April 2000 International Monetary Fund (IMF) / World Bank protests.

8. Pursuant to the Memorandum of Understanding whereby John B. Louryk was assigned to the WJTTF, the United States assumed responsibility for claims arising or advanced under the FTCA "caused by negligent or wrongful acts of all . . . properly deputized state and local law enforcement officers who are members of the WJTTF, for actions committed while in the scope of their employment with the WJTTF."

## FACTUAL ALLEGATIONS

9. The Spring Meetings of International Monetary Fund / World Bank were occurring over

the weekend and period of time encompassing April 17, 2000.

10. In the morning of April 17, 2000, plaintiff ROBERT FISH, who was a protestor, was taking photographs of police misconduct in the vicinity of 18th Street, NW and K Street, NW.

11. While he was taking photographs, plaintiff ROBERT FISH was beaten over the head with a baton by an undercover or plain clothes law enforcement officer. FISH was repeatedly struck by the baton, and dragged by law enforcement. His head was lacerated and he believes he briefly lost consciousness. Plaintiff ROBERT FISH was dropped, bleeding from his head, onto the sidewalk and left by law enforcement.

12. Plaintiff ROBERT FISH was however, during the attack, able to take a photograph of the assailant swinging the baton down upon FISH's head.

13. Another officer, in uniform, stomped on the camera after FISH dropped it during the beating.

14. However, the camera was salvaged and an image of the assailant was developed.

15. Because the assailant was working in plain clothes and never revealed his identity or the identity of the agency to which he was assigned, the facts establishing a link between the assailant and the FBI were uniquely within the control of the tortfeasor and responsible agency.

16. Plaintiff ROBERT FISH diligently undertook efforts to discover the identity of the unidentified assailant, including contacting the Metropolitan Police Department and making relevant inquiry.

17. In the course of related litigation arising in connection with multiple alleged violations of

protestors' rights in connection with the April 2000 Spring IMF/WB meetings and protests, including that involving FISH specifically, plaintiff ROBERT FISH and others propounded discovery to the Federal Bureau of Investigation and other law enforcement entities seeking to ascertain the identity of FISH's unknown assailant. See, Alliance for Global Justice, et al. v. District of Columbia, et al., Civil Action No. 01-CV-0811 (PLF).

18. In the course of discovery in the Alliance case, the Federal Bureau of Investigation's official representative, James Rice III, represented under oath on behalf of the FBI that no FBI personnel had engaged in use of force against protestors in connection with the relevant protests.

19. The FBI deliberately concealed information giving rise to this claim, including the involvement of its deputy in the beating.

20. The FBI affirmatively and wilfully misled plaintiff ROBERT FISH to avoid discovery of Louryk's identity and his position with the WJTTF.

21. In the Alliance case, the close-up photograph of the then-unidentified assailant as he struck plaintiff ROBERT FISH with the baton was produced in discovery to law enforcement, including the FBI.

22. Neither Mr. Rice nor the FBI had *ever* advised that the then-unidentified assailant was a federal deputy assigned to the Washington Joint Terrorism Task Force and, in fact, affirmatively represented under oath that no FBI personnel had used such force.

23. In August, 2005, three and a half years after initial discovery was propounded and just before the deposition of an FBI agent who apparently knew of these circumstances, the FBI unexpectedly produced documentation establishing the identity of the individual who

beat plaintiff ROBERT FISH to be John B. Louryk.

24. John B. Louryk was, in fact, assigned as a direct report to James Rice, III, the FBI affiant and representative / spokesperson who certified under oath that no use of force had been perpetrated by FBI personnel. James Rice was the direct supervisor of Louryk for the events in question.

25. At the time of the events, John Louryk was acting as an "employee of government."

26. Louryk was acting as an agent and/or employee, within the scope of his employment, of defendant UNITED STATES OF AMERICA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

27. On November 4, 2005, plaintiff ROBERT FISH sent via U.S. Mail an administrative complaint under the FTCA addressed to FBI Headquarters, Valerie Caproni, General Counsel, 935 Pennsylvania Ave., N.W., Washington, D.C. 20535.

28. On November 12, 2005 the FTCA complaint was received by the FBI.

29. Plaintiff ROBERT FISH also simultaneously sent a duplicate FTCA complaint to Randolph Myers, National Park Service c/o Office of the Solicitor, 1849 C Street NW, Washington, D.C. 20240. The Department of the Interior and Mr. Myers had previously been identified as the agency within which the protestor claims against various federal agencies arising out of the April, 2000 IMF/WB protests were to be consolidated.

30. On November 14, 2005, the FTCA complaint was received by the National Park Service.

31. Six months have elapsed since the filing of this complaint and there has been no response or resolution.

## COUNT I
### Assault and Battery

32. The facts alleged at paragraphs 1 through 31 are incorporated by reference as if set forth herein.

33. The alleged acts constitute assault and battery by a law enforcement officer for which the UNITED STATES OF AMERICA is responsible pursuant to the FTCA.

## COUNT II
### Negligence

34. The facts alleged at paragraphs 1 through 31 are incorporated by reference as if set forth herein.

35. The alleged acts constitute negligence by a law enforcement officer for which the UNITED STATES OF AMERICA is responsible pursuant to the FTCA.

36. Defendant's negligent acts include, but are not limited, to the following:

    a. Failure to use reasonable care to avoid causing physical injury to Plaintiff;

    b. Use of excessive force;

    c. Negligently and unsafe use of baton to render strikes against the head of Plaintiff, which is an inappropriate and potentially lethal use of force;

    d. Failure to abide by his training with respect to proper use of baton;

    e. Failure to abide by his training with respect to when said baton may be deployed;

    f. Failure to render or secure medical care for FISH.

37. As a direct and proximate cause of the aforementioned negligence, Plaintiff suffered bodily injury, financial and non-pecuniary losses, sustained pain and suffering and discomfort and was otherwise injured and damaged.

**WHEREFORE**, the Plaintiff ROBERT FISH demands judgment against the defendant, United States Department of Justice, in an amount appropriate to the proof adduced at trial, plus reasonable attorneys fees, interest and costs.

July 20, 2006

Respectfully submitted,

_____
Carl Messineo (#450033)
Mara Verheyden-Hilliard (#450031)
PARTNERSHIP FOR CIVIL JUSTICE
10 G Street, NE Suite 650
Washington, DC 20002
(202) 789-4330
(202) 789-4333 fax