UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT FISH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1281 (PLF/JMF) |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b) (6) and 56, the United States of America moves to dismiss this case or for the entry of judgment in its favor. In support of this Motion, the Federal Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities in Support, and the attached Statement of Material Facts as to Which There Is No Genuine Issue. A proposed Order consistent with this Motion also is attached.

Respectfully submitted,

  s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
Interim United States Attorney

  s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT FISH,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>)<br>Defendant. ) | Civil Action No. 06-1281 (PLF/JMF) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Plaintiff's Complaint alleges negligence and assault and battery against the United States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675 et seq. Plaintiff's tort claim is barred by FTCA's statute of limitations and also by the doctrine of res judicata because the same claims were or could have been raised in an earlier lawsuit involving the same parties, Alliance for Global Justice et al. v. District of Columbia, et al., Civil No. 01-0811 (PLF/JMF). For those reasons, Plaintiff's Complaint must be dismissed with prejudice.

**I.      BACKGROUND AND PROCEDURAL HISTORY OF *ALLIANCE* CASE.**

Plaintiff filed this lawsuit as related to Alliance for Global Justice, et al. v. District of Columbia et al., Civil No. 01-0811 (PLF/JMF), stating that this case "involves common issues of fact" and "grows out of the same event or transaction." Document No. 2 (Notice of Related Case). In the Alliance case, the plaintiffs, including the Plaintiff in this case, Robert Fish, complain about conduct by local and Federal law enforcement personnel in connection with the April, 2000 meetings of the International Monetary Fund (IMF) and the World Bank (WB). See Ex. 1 attached (April 12, 2002 FTCA administrative claim with attached complaint in Alliance

case).  During the April, 2000 meetings, there were numerous confrontations between those trying to disrupt the meetings and police.  For example, certain of the plaintiffs in Alliance, along with others, attempted to block an intersection in downtown Washington, D.C.  Compl. at ¶¶ 19-20, 129-30.

On April 13, 2001, the Alliance plaintiffs filed their Complaint, Docket No. 1, alleging that various defendants, during the period of the April, 2000 WB/IMF meetings, violated their rights.  On December 11, 2001, the Federal Defendants moved to dismiss certain claims and agencies from the lawsuit.  Docket No. 28.  There was extensive briefing on that motion.  See, e.g., Docket Nos. 36-37, 45, 51, 56, 106, 106, 121, 125.  During 2004, the parties exchanged written discovery and the discovery period in this case was enlarged.  See, e.g., Docket Nos. 69, 127, 132, 140.[1]  Plaintiffs moved for leave to amend their Complaint, Docket No. 88, in order to add additional plaintiffs.  The parties then began deposition discovery, and the period for completing deposition discovery was enlarged.  Docket Nos. 165, 166.

The Alliance plaintiffs' Amended Complaint alleges unlawful and unconstitutional conduct by, inter alia, the District of Columbia, the United States and various Federal agencies during the period of the IMF/WB conference of April 2000.[2]  The plaintiffs also allege that law enforcement personnel used excessive force, Counts X-XII.  In Alliance, Plaintiff Fish complains

---

[1] FBI served its responses to the Alliance plaintiffs' interrogatory requests on June 25, 2004.  Ex. 6 attached (certificate of service).

[2] The Complaint is Document No. 1 in the Court's docket.  Plaintiffs moved to amend their Complaint on April 8, 2003, Document No. 88, filing an Amended Complaint as an attachment to that motion.  The Court granted that motion on April 10, 2003.  Document No. 92. The Amended Complaint, Document No. 93, simply adds certain plaintiffs and incorporates the paragraphs of the Complaint by reference.

that he "was injured by excessive police force on April 17, 2000 . . . Plaintiff Fish was beaten over the head by an undercover officer wielding a baton as he was taking pictures." Alliance Compl. at ¶ 16. See also id. at ¶¶ 128 (same), 169 (alleging that "Defendants' actions in using excessive force against certain individual plaintiffs constituted assault and battery against those plaintiffs). The United States is a party-defendant in the Alliance case, as is the Director of the FBI. Alliance Compl., caption.

II.   **PLAINTIFF'S ATTEMPTS TO ADMINISTRATIVELY EXHAUST HIS TORT CLAIM**.

Plaintiff Fish and the other Alliance plaintiffs, through counsel, filed an April 12, 2002 administrative claim with, inter alia, the FBI. Ex. 1, attachment at 2. That administrative claim referenced the complaint in Alliance, which was attached to the claim form. Id. at 1-2 and 4. Plaintiff Fish sought $750,000 for "assault and battery (baton beating) (see Complaint ¶¶ 16, 128)." Id. at 5. That claim was denied on February 6, 2003. Def. Ex. 3. Plaintiff later sent another FTCA claim form to the FBI setting forth the same allegations as the 2002 administrative claim. Compl. at ¶ 27 ("November 4, 2005, plaintiff Robert Fish sent . . . an administrative complaint under the FTCA addressed to FBI Headquarters"). A copy of the 2005 claim form is attached as Ex. 5.

III.   ARGUMENT

   A.   Legal Standard of Review for Motion to Dismiss

Defendant moves to dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) and failure to state a claim pursuant to 12(b)(6) require

3

somewhat different standards of review.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence."  Thompson, 120 F. Supp. at 81.

Similarly, a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports her claim for relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  The Court is to treat the Complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979).  However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions."  Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C.

Cir. 1994)).

  B.  <u>Legal Standard of Review for Motion for Summary Judgment.</u>

  Under Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

  In determining whether there exists a genuine issue of material fact, the Court must view all facts, and reasonable inferences to be drawn from them, in a light most favorable to the non-moving party. <u>Anderson</u>, 477 U.S. at 255. If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." <u>Id.</u> at 249-50. Indeed, in order to withstand summary judgment, the non-moving party may not rest upon mere allegations or denials. <u>Id.</u> at 248. The existence of a factual dispute does not foreclose a grant of summary judgment; there must be a genuine issue of <u>material</u> fact. <u>Id.</u> at 247-48. There is no genuine issue of material fact if the relevant evidence of record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the party opposing summary judgment. <u>Id.</u> at 248. If the submitted evidence is of such a character that it would not permit a reasonable fact finder to find in favor of the non-moving party, summary judgment is appropriate. <u>Id.</u> at 251.

  Rule 56 does not require the moving party to negate the non-movant's claim or to show the absence of a genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 323. Rather, when the movant files a properly-supported summary judgment motion, the burden shifts to the

nonmoving party to show "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., 475 U.S. at 586, or with "conclusory allegations," "unsubstantiated assertions," "or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

    C.    <u>The Only Proper Defendant is the United States</u>.

Plaintiff Fish names as a Defendant in this FTCA case Robert S. Mueller, "in his official capacity." Compl., caption. The Court should dismiss Mr. Mueller as a party-Defendant because the only proper defendant in an FTCA case is the United States of America. By its terms, the FTCA sets forth certain conditions for a tort claim against the federal government. One such condition is contained in 28 U.S.C. § 2675, which provides that the claim is against the "United States." 28 U.S.C. § 2675(a). Therefore, the only proper defendant is the United States. Cureton v. U.S. Marshal Service, 322 F.Supp.2d 23, n. 4 (D.D.C. 2004)(U.S. is the only proper defendant in an action under the FTCA). See also 28 U.S.C. 2679(d)(1) (the Westfall Act) (claim is against the United States and allowing for substitution of the United States as defendant for federal employee acting within the scope of his or her employment). Here the United States already is named as a defendant, so substitution is unnecessary. In addition, Plaintiff's Complaint makes clear that Mr. Mueller is sued "in his official capacity."

    D.    <u>Plaintiff's Claims are Barred by the FTCA's Statute of Limitations.</u>

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of statutory waiver of such immunity. United States v. Nordic Village, Inc., 503 U.S. 30, 32-34 (1990) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990));

<u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980); <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976).  For claims sounding in tort, the United States has only waived its sovereign immunity for claims maintainable under the FTCA, 28 U.S.C. § 2671, <u>et</u> <u>seq</u>.  That limited waiver includes certain claims for injury or loss of property, or personal injury or a death, caused by the neglect or wrongful act of a government employee.  The FTCA provides that the United States "shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances" as under the law of the state where the wrongful act or omission occurred.  28 U.S.C. § 2674.  The FTCA defines the terms upon which the United States may be sued and "absent <u>full compliance</u> with the conditions ... placed upon its waiver, courts <u>lack jurisdiction</u> to entertain tort claims against it."  <u>GAF Corp. v. United States</u>, 818 F. 2d 901, 904 (D.C. Cir. 1987) (emphasis added).

  28 U.S.C. § 2401(b) states that: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless an action is begun within six months after . . .the final denial of the claim by the agency to which it was presented."  The FTCA's commands are "unambiguous" and courts are "not free to rewrite the statutory text" of the FTCA.  <u>McNeil v. United States</u>, 508 U.S. 106, 111 (1993); <u>United States v. Kubrick</u>, 444 U.S. 111, 113, 117-18 (1979) (discussing presentment requirement of 28 U.S.C. § 2401(b)); <u>Schuler v. United States</u>, 628 F.2d 199, 201 (D.C. Cir. 1980) (section 2401(b) requires both timely presentment of an administrative claim and timely filing of a complaint after the agency's final denial of the administrative claim).  Plaintiff must strictly comply with the FTCA's limitations period and his failure to do so in this case deprives the Court of jurisdiction.

1.  Plaintiff Failed to File Suit Within Six Months of the Denial of His Administrative Claim.

Here, Plaintiff initially complained of his alleged injuries in the 2001 Complaint in <u>Fifty Years is Enough v. District of Columbia</u>, Civ. No. 01-0811 (PLF/JMF).  That lawsuit was filed <u>prior to</u> the presentment of an administrative tort claim form concerning its allegations.  Subsequently, Plaintiff's attorneys submitted an administrative tort claim on his behalf to various Federal agencies, including the FBI, on April 12, 2002 in connection with the allegations set forth in the <u>Alliance</u> complaint.  Def. Ex. 1.  That claim was denied on February 6, 2003, <u>see</u> Ex. 3, and Plaintiff had six months from that denial to file an FTCA district court lawsuit advancing those claims.  He failed to do so and thus his claim is "forever barred."  Moreover, since Plaintiff filed an administrative claim form with various Federal agencies, including the FBI, in April, 2002, he must have known at that time that his claim involved alleged actions by the Federal government.  Since Plaintiff failed to file suit within six months of the February 6, 2003 denial of his claim, this lawsuit must be dismissed.

2.  Alternatively, Plaintiff Failed to Present an Administrative Claim within Two Years of the Alleged Tortious Conduct.

The only administrative presentment Plaintiff discusses in his Complaint is his November, 2005 administrative claim form.  Compl. at ¶¶ 27-31.  The FTCA expressly requires presentment of an administrative claim within two years after a tort "claim accrues."  28 U.S.C. § 2401(b).  A claim "accrues" when a plaintiff has knowledge of the injury and its cause.  <u>Stokes v. United States Postal Service</u>, 937 F.Supp. 11 (D.D.C. 1996).  Here, the administrative presentment discussed in Plaintiff's Complaint was dated November 4, 2005, Compl. at ¶ 27, and the FBI received it on November 12, 2005.  Compl. at ¶ 28.  Thus, any claims that arose <u>prior to</u>

8

November, 2003 are barred by the FTCA's two-year statute of limitations as untimely. Plaintiff's Complaint explicitly states that the alleged tort occurred on "the morning of April 17, 2000." Compl. at ¶ 10. Since the alleged tort is assault and battery and Plaintiff alleges that he was injured, Plaintiff's claim accrued on April 17, 2000. Plaintiff's claims clearly accrued prior to November, 2003, making them untimely and thus "forever barred."

Perhaps in recognition of its untimeliness, Plaintiff's Complaint seems to be advancing some sort of tolling argument as to the FTCA's statute of limitations with respect to his second administrative claim form (dated November, 2005). See Compl. at ¶¶ 16 (alleging Plaintiff "diligently undertook efforts to discover the identity of the unidentified assailant"), 19 (alleging that the FBI "deliberately concealed information giving rise to this claim"). For many years, the Court of Appeals had held that statutes of limitations periods in civil actions against the federal government cannot be extended, even for equitable tolling. Spannaus v. United States Dept. of Justice, 643 F.Supp. 698, 700 (D.D.C. 1986), aff'd, 824 F.2d 52 (D.C. Cir. 1987); Anderberg v. United States, 718 F.2d 976, 977 (10th Cir. 1983), cert. denied, 466 U.S. 939 (1984); see also McDuffee v. United States, 769 F.2d 492 (8th Cir. 1985) (dismissing case where plaintiff missed FTCA statute of limitations by one day); Sinkfield v. Pope, 578 F.Supp. 1500 (D.C. Mo. 1983) (dismissing case after plaintiff missed FTCA statute of limitations by two days).

Although the D.C. Circuit has not squarely addressed this issue in the FTCA context, see Norman v. United States, __ F.3d __, 2006 WL 3069125 at *3 (D.C. Cir. Oct. 31, 2006) (noting that the Court of Appeals has "never squarely addressed whether equitable tolling applies to the FTCA's statute of limitations, and we do not do so here") (citing Thomas v. United States Parole Comm'n, 2004 WL 758966 (D.C. Cir. April 7, 2004)(assuming without deciding that the statute

9

of limitations period in section 2401(b) is subject to equitable tolling)), several other circuits have held that equitable tolling of the FTCA statute of limitations is appropriate in certain circumstances. See, e.g., Perez v. United States, 167 F.3d 913, 917 (5th Cir.1999); Glarner v. United States Dep't of Veterans Admin., 30 F.3d 697, 701 (6th Cir.1994); Schmidt v. United States, 933 F.2d 639, 640 (8th Cir. 1991).

In determining whether equitable tolling is justified, the Supreme Court has instructed the lower courts that:

> [w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving ⋯ where the claimant failed to exercise due diligence in preserving his legal rights ⋯ [Moreover,] the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect.

Irwin, 498 U.S. at 96.

Equitable tolling is to be applied "only sparingly." Norman v. United States, 2006 WL 3069125 at *3 (quoting Irwin, 498 U.S. at 96). The Court of Appeals has allowed equitable tolling in other contexts, such as employment discrimination cases, "only in extraordinary and carefully circumscribed circumstances." Id. (quoting Smith-Haynie v. District of Columbia, 155 F.3d 575, 580 (D.C. Cir. 1998) (additional quotation omitted)). Assuming arguendo that the FTCA's limitations can be tolled, there is no reason to equitably toll the limitations period as to Plaintiff's tort claim because he had ample opportunity, in fact many years, to pursue the identity of his alleged "assailant." FBI takes exception to the false and inflammatory claims in Plaintiff's Complaint that the FBI "deliberately concealed information" and "misled" Plaintiff during the

discovery process in the Alliance case.³  If Plaintiff truly believed those allegations, he would have raised this issue during the discovery period in the Alliance case.

The individual Plaintiff references in his Complaint as his alleged "assailant," Detective Louryk, was, during the events at issue here, a Metropolitan Transit Police Detective assigned to the Joint Terrorism Task Force (JTTF), an entity comprised of local, state and Federal law enforcement personnel.  Compl. at ¶¶ 7-8, 20.  See also Ex. 4 at 32 (excerpt of transcript of FBI 30(b)(6) deposition).  No witness in the Alliance case has positively identified Detective Louryk as the individual who allegedly assaulted Plaintiff Fish.  Contrary to Plaintiff's characterization, during discovery in the Alliance case, the FBI's 30(b)(6) witness, Supervisory Special Agent James Rice, testified that he could not be sure that the person Plaintiff alleges assaulted him is Detective Louryk.  Ex. 4 at 45.

The FBI also stated that Detective Louryk's assignment during the events at issue merely was to "stay on the periphery of the ongoing events and to report back any suspicious activity or any threats . . . ."  Ex. 4 at 43-44.⁴  Far from concealing this information, the FBI provided the information Plaintiff references in his Complaint at ¶¶ 6-8 during discovery in the Alliance case.

---

³ However, these allegations do not create a genuine dispute of material fact preventing a ruling for Defendant on the instant Motion.  Courts consider and resolve statute of limitations issues, and where applicable, tolling issues, on dispositive motions.  Smith-Haynie, 155 F.3d at 580.

⁴ Local law enforcement officers working with the FBI's Joint Terrorism Task Force (JTTF) can be treated, with certain limitations, as Federal employees for purposes of the FTCA.  See Compl. at ¶¶ 6-8.  In this Motion and Memorandum, Defendant in no way waives, and hereby reserves, any defense that on the merits of the alleged "assault" on Plaintiff, including but not limited to whether the individual photographed by Plaintiff is Detective Louryk and whether, if so, Detective Louryk was acting "within the scope of his employment" with the JTTF.

The FBI did not receive any reports of the use of force by its personnel on April 17, 2000 near the alleged "assault" on Plaintiff Fish and FBI has no documents indicating any such use of force. Rice Depo. at 47; Rice Decl. at ¶ 10 (attached as Ex. 7).  Furthermore, the Alliance plaintiffs could have submitted to the FBI the picture of the alleged assailant referenced in Plaintiff's Complaint during the course of written discovery in that case, but they did not do so.  Instead, they waited until the depositions in that case to show witnesses the photograph referenced in Plaintiff's Complaint.  In a case similar to this one, Judge Sullivan did not toll the FTCA's limitations period because the plaintiff had not acted with reasonable diligence to determine whether the person accused of a tort in connection with a traffic accident was a Federal employee.  Norman v. United States, 377 F.Supp.2d 96, 101 (D.D.C. 2005), affirmed, 2006 WL 3069125 (D.C. Cir. Oct. 31, 2006).

    E.    This Lawsuit is Barred by the Doctrine of *Res Judicata*.

The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues.  I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 946 (D.C. Cir. 1983).  Res judicata has two distinct aspects-claim preclusion and issue preclusion (commonly known as collateral estoppel)-that apply in different circumstances and with different consequences to the litigants.  NextWave Pers. Commc'ns, Inc. v. Fed. Commc'ns Comm'n, 254 F.3d 130, 142 (D.C. Cir. 2001) (citing id.); Novak v. World Bank, 703 F.2d 1305, 1309 (D.C. Cir. 1983).

Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Drake

v. Fed. Aviation Admin., 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).  Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting Allen, 449 U.S. at 94).  In short, "claim preclusion forecloses all that which might have been litigated previously," while issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action." I.A.M. Nat'l Pension Fund, 723 F.2d at 949; Novak, 703 F.2d at 1309.  In this way, res judicata helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [ ] prevent serial forum-shopping and piecemeal litigation." Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981); see also Allen, 449 U.S. at 94.

The Alliance case is pending with respect to plaintiffs' claims concerning their alleged false arrests as between plaintiffs and the District of Columbia defendants.  See August 9, 2006 Report and Recommendation, Document No. 238 in Civ. No. 01-0811, and August 30, 2006 Order, Document No. 242 in Civ. No. 01-0811, adopting and approving the August 9, 2006 Report and Recommendation.  The Alliance case involves numerous claims brought by individual plaintiffs as well as a class against numerous defendants including individuals, the District of Columbia and certain of its employees and the United States and certain Federal agencies.  See Alliance Am. Compl.  In Alliance, this Court dismissed plaintiffs' claims for declaratory relief against the Federal Defendants for lack of subject matter jurisdiction.  The Court further ordered that "consideration and resolution of plaintiffs' demand for the expungement of arrest records . . . be stayed until after the resolution of whether the arrests in

13

this case were illegal" and thus denied the Federal Defendants' motion for summary judgment without prejudice. Document No. 242 in 01-0811 at 2. Accordingly, Plaintiff Fish's claims against the Federal defendants have been adjudicated.

The principles of issue preclusion can apply, even when judgment is "final" as to only part of an action or claim. Restatement of Judgments 2d, § 13 ("for purposes of issue preclusion (as distinguished from merger and bar), "final judgment" includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect"). The Comments to the Restatement explain that a judgment can be "final" for purposes of res judicata without being an appealable order pursuant to 28 U.S.C. § 1291. Id., Comment (b). In addition, a "judgment may be final in a res judicata sense as to a part of an action although the litigation continues as to the rest." Id. at Comment (e). The Restatement sets forth certain criteria "for determining "finality" in the application of issue preclusion." Id. at Comment (g) (including "needless duplication of effort and expense," whether the prior adjudication was "adequately deliberated and firm, even if not final in the sense of forming a basis for a judgment already entered"). Thus, whether the parties were "fully heard" and the court "supported its decision with a reasoned opinion," and whether the decision was "subject to appeal" are all factors indicating finality for purposes of issue preclusion. Id. Courts have interpreted these factors as reflecting a "rule of reason." Donovan v. USPS, 530 F.Supp. 894, 899 (D.D.C. 1981) (explaining principle in Restatement of Judgments and citing Lummus Co. v. Commonwealth Oil Refining Co., 297 F.2d 80, 89 (2d Cir. 1961)). Cf. Foster-El v. Baretta U.S.A. Corp., 163 F.Supp.2d 67, 70-72 (D.D.C. 2001) (applying test set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) to abstain from exercising

jurisdiction over claims in order to avoid "duplicative litigation" involving two cases with the same parties and claims).[5]

Plaintiff Fish is also a plaintiff in the Alliance case. In that case, Fish complained that he "was injured by excessive police force on April 17, 2000 . . . [he] was beaten over the head by an undercover officer wielding a baton as he was taking pictures." Alliance Compl. at ¶ 16. See also id. at ¶¶ 128 (same), 169 (alleging that "Defendants' actions in using excessive force against certain individual plaintiffs constituted assault and battery against those plaintiffs). The United States is a party-defendant in the Alliance case, as is the Director of the FBI. Alliance Compl., caption. In fact, Plaintiff Fish has identified the Alliance case as being "related" to this case.

In this case, Plaintiff Fish alleges that he "was beaten over the head with a baton by an undercover or plain clothes law enforcement officer." Compl. at ¶ 11. Plaintiff's claims in this case are barred by the doctrine of res judicata because they specifically were raised and dismissed in the Alliance case. In the alternative, this case is barred because Plaintiff Fish could have raised these claims in the Alliance case.

---

[5] The principle of avoiding duplicative litigation is well settled. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). To the extent that the Court concludes that issue preclusion does not bar Plaintiff's lawsuit, the Colorado River doctrine concerning duplicative litigation does.

**III.    CONCLUSION**

For the foregoing reasons, Federal Defendants are entitled to judgment as a matter of law and Plaintiffs' claims against the Federal Defendants should be dismissed with prejudice.

Respectfully submitted,

    s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
Interim United States Attorney


    s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


    s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372