

United States Department of the Interior

OFFICE OF THE SOLICITOR

February 6, 2003

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Mara Verheyden-Hilliard, Esquire
Carl Messineo, Esquire
Zachary Wolfe, Esquire
Partnership For Civil Justice, Inc.
1901 Pennsylvania Avenue, N.W., #607
Washington, D.C. 20008

    Re: FTCA Claim Regarding April 2000 IMF-World Bank Meetings

Dear Counsel:

As the lead Federal agency designated under 28 C.F.R. § 14.2(2), and on behalf of the National Park Service, Bureau of Alcohol, Tobacco and Firearms, Drug Enforcement Administration, Federal Bureau of Investigation, Federal Emergency Management Agency, and the United States Secret Service, we have considered your Federal Tort Claims Act (FTCA) presentment dated April 12, 2002, alleging government liability generally stemming from events surrounding the meetings of the IMF and World Bank in April 2000. Insofar as you never responded to our letter dated August 23, 2002, a copy of which is enclosed, requesting information and documentation to support your FTCA claim, we must deny your claim.[1]

In order to recover damages under 28 U.S.C. § 2674, an FTCA claimant must show that any injuries or damages were caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment and under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Your FTCA presentment contains absolutely no information to support that either any federal agency or its employees acted improperly. It also lacks any information and documentation

---

    [1] By letter dated September 4, 2002, copy enclosed, Arthur B. Spitzer, Daniel M. Schember and James R. Klimaski responded to our letter of August 23, 2002, by informing us that they no longer represent the claimants in this matter, but that you continue to represent them.

GOVERNMENT EXHIBIT 3

to support any claimants' alleged injury, pain or suffering, property loss or damage or that it resulted from the actions of any federal agency or employee. As you know, in our letter dated August 23, 2002, we fully detailed these deficiencies and asked for specific supplemental information and documentation within forty day. The forty-day deadline has long since expired and your office has provided no information or documentation.

Pursuant to 28 C.F.R. § 14.9(b), if you are dissatisfied with this determination, you may submit a written request for reconsideration based upon new evidence. You may also file suit in an appropriate United States District Court not later than six months after the date of mailing of this notification to you. In the event a lawsuit is filed, however, we expressly reserve the right to assert all defenses, including your failure to provide the critical documentation and information that we requested in considering your FTCA presentment dated April 12, 2002.

Sincerely,

Alton Woods
Assistant Solicitor
Branch of Procurement and Patents
Division of General Law

Enclosures