# UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Alliance for Global Justice, et al.          )
                                             )
            Plaintiffs,                      )
                                             )
    v.                                       )     Civ. No. 01-0811 (PLF/JMF)
                                             )
District of Columbia, et al.,                )
                                             )
            Defendants.                      )
_____)

## PLAINTIFFS REQUESTS FOR PRODUCTION TO EACH DEFENDANT PURSUANT TO THE COURT'S DECEMBER 31, 2003 ORDER

To:    Each Defendant, by and through Counsel at:

       Office of Corporation Counsel
       441 Fourth Street NW, 6th Fl South
       Washington, DC 20001

       Office of the U.S. Attorney
       555 4th St. NW
       Washington, DC 20530

       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Scheduling Order in this

Case, and the Court's December 31, 2003 Order, plaintiffs, by and through undersigned counsel,

respectfully request that each defendant produce responses to each of the following requests for

production within 30 days.

## DEFINITIONS AND INSTRUCTIONS

       The following definitions apply to the Document Requests below.

1.     The term "federal defendants," "federal government," "United States," "U.S.

government," or other similar nomenclature means the United States of America (USA),

1

the Department of the Interior, the Department of Justice, all current and former agencies

of the USA, any successor, predecessor, present or former division, and any and all of its

officers, officials, agents, agencies, representatives, employees, servants, consultants,

contractors, subcontractors, investigators, attorneys or their agents, or any and all other

persons or entities acting or purporting to act on behalf of the United States of America,

including but not limited to the Park Service, the Park Police, the Capitol Police, the

Federal Bureau of Investigation (FBI), all Joint Terrorism Task Forces (JTTF), and any

non-federal law enforcement personnel, agents or agencies acting as deputies or under the

auspices of the Park Police, the Department of Justice or the FBI .

2.      The term "District of Columbia" means the District of Columbia, any successor,

predecessor, present or former division, and any and all of its officers, officials, agents,

agencies, representatives, employees, servants, consultants, contractors, subcontractors,

investigators, attorneys or their agents, or any and all other persons or entities acting or

purporting to act on behalf of the District of Columbia, including but not limited to the

Metropolitan Police Department and any non-Metropolitan Police Department (MPD)

law enforcement agents acting as deputies or under the auspices of the D.C. MPD, the

Fire Department, the Office of the Mayor and all personnel acting under the auspices of

the Mayor.

3.      The term "you" or "your" should be interpreted consistent with the definitions above.

4.      The term "document" means any written or graphic matter, tangible item, audio or video

recording, or computer or electronic data recorded on any storage medium, including but

not limited to any: book, paper, transcript, e-mail, data base, voice mail, photograph,

2

video or audio recording, other electronic or digital recording, mobile communications system, microfilm, correspondence, letter, facsimile, telegram, ledger, log, journal, diary, calendar, minute, note, memorandum, report, interoffice communication, desk pad, cancelled check, balance sheet,  invoice, drawing, sketch, analysis, electromagnetic record, or any other record or copy or portion thereof.

5.     The term "person" includes any natural person, all federal, state, county, municipal and other governmental units, agencies or public bodies, as well as any firm, company, corporation, partnership, proprietorship, joint venture, organization, groups of natural persons or other persons or entities separately identifiable whether or not such associations or entities have a separate legal existence in their own right.

6.     The terms "relating," "regarding," "respecting," and "concerning" are each to be accorded their broadest reasonable meaning, including evidencing in any way (legally, logically, or factually) a connection with the matter at issue.

7.     The term "communication" means any and all inquiry, discussion, conference, conversation, negotiation, meeting, agreement, interview, expression, speech, or non-verbal message or signal, transmitted by any means; and any and all document preparation, transmission, receipt, cognition, or review (as "document" is defined above).

8.     References to the April, 2000 IMF / WB protests, or similar, mean the demonstrations that occurred in connection with or at the same time as the mid-April, 2000 meetings of the International Monetary Fund and World Bank in Washington, D.C.

9.     References to the "Prison Industrial Complex" demonstration or similar are to the April 15, 2000 demonstration at which, or in connection with, there were the mass arrests as

described in the complaint.

10.    All references to protests, demonstrations, protest activity, or demonstration activity or similar should be deemed to encompass the protest activity, the law enforcement response thereto, all associated planning and conduct by either protestors or by law enforcement, and also should be deemed to encompass arrests, should any have occurred in connection with said activity.

11.    The term "protest" or "mass demonstration" or "mass assembly" or "demonstration" or any similar nomenclature means assembly of persons engaging in First Amendment Activity as well as *all attendant activities including those that you may contend are unlawful in nature or not protected by the First Amendment, but that occur in conjunction with assemblage to express a political view.*

12.    Unless otherwise limited, the time frame encompassed by each request shall be January, 1999 to date.

13.    The words "and" and/or "or" shall be interpreted either conjunctively or disjunctively, as necessary to maximize inclusion of information otherwise within the scope of the request.

14.    The term "any" shall be interpreted to include the word "all" and vice versa.

15.    The use of the singular includes the plural and vice versa.

16.    The use of the masculine includes the use of the feminine and vice versa.

17.    The use of any tense of verb shall be considered to include also within its meaning all of the tenses of the verb.

18.    All ranges of date are inclusive.

19.    Should any portion of a request be objected to, you must produce the non-objectionable

portion of the responsive materials. E.g., if you object to a request as overbroad in terms of duration or applicable time period and are refusing to produce materials on that basis, you must still produce responsive materials for the period of time to which you are not objecting on that basis.

20.   If any response to a discovery request cannot be provided in full, respond to the greatest extent possible and please state the reason for your inability to answer the remainder.

21.   If any information or matter responsive to any of the discovery requests is withheld or objected to, identify the information, document, communication or item withheld or redacted, state the reason for the withholding, identify each person who has/had access to such information, and provide a complete statement of facts that constitute the basis for any claim of privilege, work product or other grounds for non-disclosure.

22.   These discovery requests are continuing in nature and the responses should be immediately supplemented or amended if additional or different information becomes available to you prior to the trial in this case.

## REQUESTS FOR PRODUCTION

*Please answer the below referenced requests in accordance with the definitions and instructions, above. Please note that there are definitions that are unique to the context of protest activity that are set forth above, and should be reviewed prior to your responses.*

1.   All documents or recordings constituting, reflecting or relating to public statements related in any way to protest activity or law enforcement response thereto, made by any defendant or its employees, agents or representatives.

By way of illustration, and not of limitation, this request is intended to encompass: all press conferences or briefings; statements to the media; meetings with persons or groups or

5

organizations (including the IMF or World Bank or Board of Trade or other community or business entity or gathering); news releases, interviews on radio (including WTOP) or television or Internet; "soundbites" or brief excerpts that are a part of a larger broadcast or program; online chats (including those on WashingtonPost.com); news releases or announcements; statements to the Council of the District of the Columbia, or to the U.S. Congress or to oversight or review committees; all documents reporting or documenting media contacts or public statements; and all other responsive material.

2.     All documents or data which reflect or relate to, or from can be derived, the identity and

       contact information for persons arrested in connection with the April 15, 2000 Prison

       Industrial Complex demonstration.

       By way of illustration, and not limitation, responsive material would include that which reflect name or known alias, current or former address, social security number, family member's or friend's contact information, current or former telephone number, warrant status information, photo or other images, or any other responsive materials.

       With respect to such material that may be in the possession, custody or control of the District of Columbia, such materials may possibly be found or retrieved from police station clerks, D.C. Pretrial Services Agency, the Identification and Records Division, or by Criminal Justice Act (CJA) records, or in law enforcement intelligence or arrest records.

3.     All documents related to defendants' operations related to protest activity, including but

       not limited to that relating specifically to the April, 2000 IMF / WB protests, the April 15,

       2000 Prison Industrial Complex protest, the April 16, 2000 use of force against Brian

       Edwards-Tiekart and Sasha Wright, the April 17, 2000 use of force against Robert Fish.

       By way of illustration, and not of limitation, your production should include: All operational or "civil disturbance" plans; All intra-agency or inter-agency meetings related to anticipated protest activity; all documents related to legal or extra-legal ways to curtail or restrain protest activity; all documents reflecting the planning of, or deliberations and communications regarding, protest activity; and all documents evaluating your response to protest activity.

4.     All documents related to the training or education of officers/agents/employees for protest

6

activity-related assignments.

The scope of this request encompasses all trainings or seminars, regardless of whether conducted in-house or by outside entities, such as Community Research Associates, Inc. or by other government agencies.

By way of illustration, and not of limitation, your production should include: All materials distributed at or used during such trainings; all videos or recordings of such training/education; all videos or materials constituting material used as or in such training/educational fora; all policies or guidelines or instructional materials used in such fora.

For the purposes of this request, "protest activity-related assignments," should be accorded its broadest reasonable meaning, and should encompass general trainings on use of force or police lines or intelligence or surveillance where related to responsibilities normally exercised in connection with protest activity, as well as any trainings that specifically reference or are for the specific purpose of application in the context of protest activity.

5.    All documents related to warrants related to protest activity.

Your production should include, but not be limited to: all documents related to written policy, procedure or guidelines related to search or arrest or electronic surveillance warrants generally or in the context of protest activity; all communications or deliberations regarding whether to seek arrest or search or electronic surveillance warrants related to protest activity; all applications for search or arrest warrants; Court denial or issuances of search or arrest or electronic surveillance warrants; all returns and documents related to the execution and results of search or arrest or electronic surveillance warrants.

6.    All documents related to surveillance and intelligence related to protest activity, planning

for protest activity or to plaintiffs.

Your production should include, but not be limited to: all documents related to written policy, procedure or guidelines related to surveillance and intelligence generally or in the context of protest specifically; all communications regarding whether to engage in surveillance or intelligence of protest activity; all applications to judicial or executive authorities regarding said electronic or other surveillance or intelligence activities; all orders or documents denying or authorizing surveillance or intelligence activities connected to protest activity; all documents and reports created incidental to surveillance or intelligence activities conducted during, in advance, or after protest activity; threat assessments, including the Quarterly Terrorist Threat Assessments; Intelligence Bulletins; documents related to the attendance of plain clothed (non-uniformed) or undercover officers/agents at protest activities, meetings or in protestor's residences; all related

after action reports; all generated intelligence and surveillance or investigatory information tending to show an association with criminal activity; all generated intelligence and surveillance or investigatory information failing to show an association with criminal activity; all documents reflecting publications or communications by protestors or plaintiffs; all sign in or attendance logs from meetings of intelligence groups or committees; and any other responsive materials.

7.    All documents, including photographs and identification, of undercover or plain clothed

officers who attended or participated in any protest activity (including organizing efforts)

in connection with the April, 2000 IMF / WB protests <u>or</u> who engaged in any conduct that

could potentially be attributed to protestors at protests (or in organizing for protest

activity).

For the purposes of this interrogatory, "conduct that could potentially be attributed to protestors," should be interpreted as broadly as reasonably possible, and should include any actions conducted in the context of protest activity by a plain clothed or undercover agent, and all actions or statements that appear, are attributed, or reasonably understood, to have been made by protestors.

8.    All documents related to the use of police lines in the context of mass demonstration

activity, including all uses of police lines to surround protestors (*e.g.*, April 15, 2000 IMF

/ WB demonstrations, January 20, 2001 protests in connection with the Bush

Inauguration, September 29, 2001 IMF / WB and anti-war demonstrations, April

22, 2002 Plan Columbia demonstrations, September 27, 2002 IMF / WB and anti-war

demonstrations).

By way of illustration, and not of limitation, your production should include: all documents related to policy, procedure, guidelines or training related to the use of police lines generally or in the context of protest activity specifically; all communications related to the planning for or the use of police lines in the context of protest activity; all documents or entries created incidental to the use of police lines in the context of protest activity, including any notations in the Commander's Mass Demonstration Event Log or other log; all recordings, video or otherwise, of the use of police lines in protest activity; and all after action reports or

evaluations of the use of police lines in the context of protest activity, including all legal opinions from counsel.

For the purposes of this interrogatory, the "use of police lines," means all uses of police lines, including: to prevent movement in a particular direction; to deny access to a particular area; or to surround or trap protestors with a police cordon.

9.    All documents related to the warrantless arrest of protestors, including the April 15, 2000

Prison Industrial Complex mass arrests, the April 15, 2000 arrests of Elizabeth Butler and

Nisha Anand, and the September 27, 2002 IMF / WB and anti-war protest mass arrests.

By way of illustration, and not of limitation, your production should include: all documents related to policy, procedure, guidelines or training related to warrantless arrests or arrests generally, or to arrests in the context of protest activity; all documents or communications related to the planning for possible arrests in the context of protest activity; all documents relating to or reflecting the existence or lack of existence of probable cause for these arrests; all documents or entries created incidental to arrests in the context of protest activity, including any notations in the Commander's Mass Demonstration Event Log or other log; all arrest and release records, including fingerprint and booking records and photos; all recordings, video or otherwise, of arrests in the context of protest activity; and all after action reports or evaluations of arrests in the context of protest activity, including all legal opinions from counsel.

10.    All documents related to the Convergence Center, including but not limited to, the

planned, anticipated or actual inspection/closure/raid of the Convergence Center.

By way of illustration, and not of limitation, your production should include: all documents related to communications regarding plans for, or the execution of, the inspection/raid/closure; all documents reflecting the identity of persons or agencies participating in any aspect of the planning or execution of the inspection/closure/raid; all documents reflecting the identity of all persons present at the planning or execution of the inspection/raid/closure; all documents referencing or planning the inspection in advance of its occurrence; all intelligence or surveillance reports relating to conduct or items connected to the Convergence Center; all search or arrest warrants and warrant applications; all documents or communications referencing the possibility of securing a warrant to be executed at the Convergence Center; all documents related to applications, approvals or denials of warrants or warrant requests; all documents or communications referencing the possibility of electronic or other surveillance connected to the Convergence Center; all documents related to applications, approvals or denials of requests for electronic surveillance at the Convergence Center; all documents reflecting the identity of plain

9

clothed or undercover or uniformed agents who were at any time present in the Convergence Center; all notices of infractions; all closure orders; all documents generated incidental to the inspection/raid/closure of the Convergence Center; all documents reflecting any rules, regulations, laws or procedures that you claim authorized or justified or caused the inspection; all citizen complaints regarding the use of the Convergence Center, if relied upon to justify the inspection/raid/closure; all documents relating to re-inspections for the abatement of allegedly offending conditions; all documents relating to the cessation of the closure of the Convergence Center; all evidence of violations or infractions related to the Convergence Center; all responsive materials possessed by the D.C. Fire Department or any other entity; and all other responsive materials.

11.    All documents related to the use of force in connection with the April, 2000 IMF / WB

protests, including the allegations of force used against Robert Fish, Brian Edwards-

Tiekart, Sasha Wright, and Adam Eidinger.

By way of illustration, and not of limitation, your production should include: all documents related to policy, procedure, guidelines or training related to use of force generally and in the context of protest activity; all documents, including photographs or recordings, of or relating to the uses of force against Robert Fish, Brian Edwards-Tiekart, Sasha Wright or Adam Eidinger; all documents created incidental to these uses of force, such as reports of use of force; all related after action reports; all documents related to review or investigation of said uses of force; all documents related to decisions regarding discipline or awards or prosecution or non-prosecution of persons who committed said acts of force, including all related legal opinions.

12.    The personnel file and all training or disciplinary records, including all records related to

use of force, of every person who participated in or had responsibilities related to the

April 16, 2000 use of force against Brian Edwards-Tiekart and Sasha Wright, and the

April 17, 2000 uses of force against Robert Fish and Adam Eidinger.

13.    All documents related to arrestee or prisoner transport, processing, and control (including

all related to conditions of confinement) related to the April 15, 2000 Prison Industrial

Complex mass arrests and the September 27, 2002 IMF / WB and anti-war protest mass

arrests.

By way of illustration, and not of limitation, your production should include: all documents related to policy, procedure, guidelines or training related to arrestee transport, processing and control (including conditions of confinement and restraint) generally or in the context of protest activity-related arrests; all planning or operational documents; all documents or entries created incidental to the transport, processing or confinement of the referenced arrestees such as Prisoner Transport logs and Prisoner Control Activity logs; and all after action reports or evaluations of said prisoner transport, processing and control (including conditions of confinement and restraint), including all legal opinions from counsel.

14.    All documents related to the offer or acceptance of collateral or citation release or release

upon posting of bond and collateral, where related to the April, 2000 IMF / WB protests

and arrests or the September 27, 2002 IMF / WB protests and arrests or other protest

activity.

By way of illustration, and not of limitation, your production may include: all documents related to policy, procedure, guidelines or training related to collateral or citation release, or release upon posting of bond and collateral, generally or in the context of protest activity specifically; citation reports (PD Form 778); citations to appear (PD Form 799); Lists of persons on citation to appear in court (PD Form 780); prosecutors' reports (PD Form 163); collateral receipts (PD Form 67); mass arrest release forms; citation records required by MPD G.O. 502.6 to be maintained by the MPD; D.C. Superior Court Liason Branch citation files; or any other similar or responsive materials.

15.    All documents related to the prosecution, final disposition or non-prosecution of arrestees

in connection with the April 15, 2000 mass arrests or the September 27, 2002 mass

arrests. Your response should include all documents related to or referencing the decision

to no-paper or to not prosecute charges, including all such documents in the possession of

the Office of the Corporation Counsel or other legal representative.

16.    All documents not heretofore produced related to or reflecting policy, procedure or

guidelines that apply specifically in the context of protest activity.

A policy, procedure or guidelines should be considered to "apply specifically in the context of protest activity" if it is known by you to apply specifically in the context of protest activity, or if any known documents reference its application or authority in the context of demonstration or protest activity. Your production should encompass documents authorizing law enforcement or investigatory conduct as "anti-terrorism" measures, where related or descriptive materials indicate that such authorities apply in the context of demonstration activity or where in practice the policy has been applied in the context of demonstration activity.

17.     All documents constituting or relating to images or recordings of protest activity or

related law enforcement activity in connection with the April 15 - 17, 2000 IMF / WB

protests and also any protest activity where law enforcement has used police lines to

surround protestors (e.g., April 15, 2000 IMF / WB demonstrations, January 20, 2001

protests in connection with the Bush Inauguration, September 29, 2001 IMF / WB and

anti-war demonstrations, April 22, 2002 Plan Columbia protests, September 27, 2002

IMF / WB and anti-war demonstrations).

By way of illustration, and not of limitation, your production should include: all "radio runs," recordings of police channels; images or recordings related to police, protestors or individuals near or associated with said protest activity; airborne surveillance or monitoring; stored recordings of video or audio or information feed into or from any command center or post; assignment schedules for persons designated to take photographs or recordings in connection with the referenced protests; stored or recorded mobile digital computer or e-mail communication; intercepted communications between protestors; or other responsive materials.

Your production should include all such materials in your possession, custody or control, including all materials in the physical possession of third parties, such as private contractors providing film or surveillance or intelligence services.

18.     All documents related to or reflecting the dissemination or sharing or maintenance of

information related to the April 15, 2000 mass arrests, including documents reflecting the

description, organization and indexing of all file or record keeping systems into which

12

such information has been placed or entered.

The scope of your production should encompass all materials that have at any time been in the possession or made available to you, your headquarters, your sub-divisions, task forces or committees, field offices, joint terrorism task forces, law enforcement or military or intelligence agencies, other governmental departments or agencies, the Department of Homeland Security, or to other governments or third parties; or that have been placed into electronic or non-electronic information or file systems, including the NCIC database, any Department of Justice program-administered data systems, the RISS or RISS-NET, or any other computer or electronic system or database.

By way of illustration, and not of limitation, your production should include: the content of all such records or entries; documents relating to the transfer, placement or entry of such information into file/record systems or to others; where information has been placed into a file or records system, please produce all documents relating to the identification, organization and indexing of those systems and documents describing the scope of access to those systems; documents relating to restrictions on access to such information and all measures taken to protect against dissemination or disclosure.

19.    All documents or things related to, constituting or evidencing actual or threatened

       unlawful or disruptive conduct or unlawful items, where related to plaintiffs or protestors

       in connection with the April, 2000 IMF / WB protest activity.

By way of illustration, and not of limitation, your production should include: Molotov cocktails or ingredients for making Molotov cocktails; pepper spray or ingredients for making pepper spray; ammunition; evidence of fires or broken windows or other property damage; or evidence of any other weapon or chemical agent, or conduct of unlawful activity, connected in any way to the April, 2000 IMF / WB protest activity; and any physical or chemical or forensic or other analysis of any alleged unlawful item or weapon (including where such analysis determined that the material was benign in nature).

20.    All contracts with, or documents relating to the scope of services to be performed by,

       outside vendors or contractors providing surveillance or intelligence or information

       related services in connection with protest activity or any other services related to

       protestors or plaintiffs.

13

Your production should include, but not be limited to, film or video companies and entities providing information or data or video feeds into a command center or post.

21.    All documents related to audits, reports, investigations or evaluations or oversight hearings of law enforcement/government operations in the context of protest activity <u>or</u> where the subject matter of the audit/review/report/investigation/evaluation/hearing encompasses general duties, such as the use of force, that are related to protest activity. Your production should include, but not be limited to, all materials in *unredacted form* that are related to MPD internal or Inspector General investigations, or to the Council of the District of Columbia's oversight hearings, related to protest activity.

22.    All communications between law enforcement and any private citizen or citizen groups or business or business groups or schools or other third parties or entities, including the International Monetary Fund and the World Bank, regarding protest activity.

By way of illustration, and not of limitation, your response may include all representations to the "business community" made in anticipation of protest activity; all materials given or shown to individuals or groups regarding protest activity (including videos); all documents related to requests or discussions about the closure of buildings or modification of planned or possible events in anticipation of protest activity; all communications with school officials related to protest activity; and all other responsive material.

23.    Budgets at every level of detail, and all requests for funding or reimbursement, related to protest activity.

24.    All documents and discovery responses produced by you in any other protest related case, including but not limited to all those arising out of the April, 2000 IMF / WB demonstrations.

25. All documents not heretofore produced that were generated or filled-in or created

incidental to the events underlying the claims in this matter, including all documents

referenced in discovery responses or consulted in your formulation of discovery

responses, and all other documents relevant or related to any claim or defense in this

matter.

For the purpose of this request, "the events underlying the claims in this matter" means all events and circumstances referenced in the complaint, including: the April, 2000 IMF / WB protests and the law enforcement response thereto; the April 15, 2000 Prison Industrial Complex protest activity and mass arrests; the April 15, 2000 raid/inspection/closure of the Convergence Center; the April 15, 2000 arrest of Elizabeth Butler at the Convergence Center; the April 16, 2000 assaults upon Brian Edwards-Tiekart and Sasha Wright; and the April 17, 2000 assault upon Robert Fish; and the use of pepper spray against protestors on April 17, 2000 including upon Adam Eidinger.

Respectfully submitted,

Mara Verheyden-Hilliard (#450031)
Carl Messineo (#450033)
PARTNERSHIP FOR CIVIL JUSTICE and the
NATIONAL LAWYERS GUILD
 MASS DEFENSE COMMITTEE
1901 Pennsylvania Ave., N.W., Suite 607
Washington, D.C. 20006
(202) 530-5630
(202) 530-5634 - facsimile

Leonard Weinglass
6 W. 20th Street
Suite 10A
New York, NY 10011
(212) 807-8646
(212) 242-2120 - facsimile

*counsel for Plaintiffs*

15

## Certificate of Service

I certify that a copy of the foregoing was served via hand delivery this 9th day of March, 2004 upon:

Richard Love
Office of the Corporation Counsel
441 4th Street, NW
Room 6S045
Washington, DC 20001

Edith Shine
Assistant US Attorney
555 4th Street, NW
Room 10-449
Washington, DC 20530

Mara Verheyden-Hilliard