UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLIANCE FOR GLOBAL JUSTICE,
et al.,

       Plaintiffs,

       v.

DISTRICT OF COLUMBIA, et al.,

       Defendants.

Civ. No. 01-0811 (PLF/JMF)

## FEDERAL BUREAU OF INVESTIGATION'S ANSWERS TO PLAINTIFFS' INTERROGATORIES

General Objections

1. The information supplied in the Defendant's response to interrogatories and requests for production is that produced after a reasonable search of those areas likely to contain the information sought and is that information currently available to the Defendant's agents, representatives, employees, and/or its attorneys, unless privileged. The Defendant reserves the right to supplement, clarify, revise or correct at any time any or all of the information contained in its responses should additional or different information become available through discovery or otherwise.

2. In providing its response to the discovery request, the Defendant does not in any manner admit or imply that it considers any of the responses hereto, or any documents produced pursuant to the discovery request, to be relevant or material to the subject matter of this action, or the related actions, to the claims or defenses of any party herein, or that such discovery request or documents are reasonably calculated to lead to the discovery of admissible evidence.

3. In providing its response to the discovery request, the Defendant does not in any manner admit or imply that the governmental component providing the response is a proper party to this action or the related actions. The government component providing the response to the discovery is not admitting that it is in any way related to the subject matter of this action or the

related actions, to the claims or defenses of any party herein, or that such discovery request or documents are reasonably calculated to lead to the discovery of admissible evidence.

4. The Defendant does not waive and hereby reserves its right to assert any and all objections to the admissibility into evidence at the trial of this action, or in any other proceeding, of any response to the interrogatories or any document produced or referred to in response to the discovery requests, on any and all grounds, including, but not limited to, competency, relevance, materiality, privilege and admissibility. The defendant does not waive any objection that it might have to any other discovery request involving or relating to the subject matter of the discovery requests to which defendant herein provides a response.

5. The factual information and documents supplied in this response are not based solely upon the knowledge of the executing party but were provided by a review of available records and information gathered collectively from persons having personal knowledge of the matters discussed, including the knowledge of the Defendant' agents, representatives, employees, and/or attorneys, unless privileged.

6. The Defendant objects to these interrogatories and document requests to the extent that they purport to impose duties and obligations beyond those set forth in the Federal Rules of Civil Procedure and/or the Local Rules of Civil Procedure.

7. The Defendant objects to these interrogatories and document requests to the extent that they seek information or documents subject to legal privileges and similar protections, including but not limited to the attorney-client privilege, law enforcement investigatory privilege, the deliberative process privilege and the work product doctrine.

8. The Defendant objects to this discovery as it is overbroad, unduly burdensome, and vexatious insofar as it seeks materials without limitation as to time period or over a period of time so lengthy as to seek information irrelevant and otherwise inadmissible in this litigation. The Defendant objects to Plaintiffs' interrogatories to the extent they seek information as to occurrence, communications, decision, or documents that post-date the filing of their Complaint.

2

Such information and documents are unlikely to lead to the discovery of admissible evidence.

9. The Defendant reserves the right to object to the use of its responses to the discovery in this matter being used in any proceeding other than the above-captioned case.

10. The Defendant objects to the definitions as they are so broadly defined as to render some of the discovery requests incomprehensible and nonsensical. The requests' use of "illustrations" and "including but not limited to" result in plaintiffs' discovery exceeding the numeric limit of document requests and interrogatories authorized by the Court and often expands the reasonable meaning of the requests. That being said, the Defendant will make best efforts to provide responses using a reasonable and common sense approach to the discovery requests and the definitions provided.

11. The Defendant specifically objects to the definitions of the **"federal government"** or **"the United States"** (definition Nos. 1 & 3), the term **"communication,"** which as defined includes "non-verbal message or signal" and "cognition." (definition No. 7), the instruction /definition No. 10) and, the definitions for the terms **"identify,"** **"identification"** and **"describe"** (definitions 21, 22 & 23) as overbroad, unduly burdensome and, applying the provided definitions to some of plaintiffs' discovery renders the request or interrogatories impossible of practical application.

12. The Defendant objects to the definitions to the extent that the definitions in plaintiffs' requests to produce are not even consistent with the definitions plaintiffs provided in their interrogatories. The definitions are overbroad and, applying the provided definitions, renders several of plaintiffs' discovery requests/interrogatories impossible of practical application.

13. The Defendant's specific objection to an interrogatory or document request on the grounds that a request or interrogatory is overbroad and/or unduly burdensome, also preserves all privileges that may apply to potentially responsive documents, as it would be unduly burdensome to require identification of privileged information in documents potentially responsive to an

overbroad or unduly burdensome request.

14.    Each and every response contained herein is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to particular interrogatory or document request is not intended to constitute a waiver of General Objections that are not specifically referred to in that response.

15.    Defendant's objection on the basis that a request is overbroad and/or unduly burdensome preserves all privileges that may apply to *potentially* responsive documents, as it would be even more burdensome to require identification of privileged information in documents potentially responsive to an overbroad or unduly burdensome request.

16.    Defendant objects to the requests on the basis that the requests exceed the numeric limit for document requests authorized by the Court because the "illustrations," subparts and explanations included with most of the requests expand the reasonable meaning, and actual number, of the requests.

17.    Defendant objects to the requests insofar as they require the production of documents and materials created during or pertaining to the period of time outside of the dates of the April 15, 2002 through April 17, 2002 protests as referenced in plaintiffs' Complaint and Amended Complaint in this case.   Documents and materials pertaining to the time period outside of the April 15, 2002 through April 17, 2002 protests are not relevant because, except as to the April 15, 2002 to April 17, 2002 time period, the requests are not reasonably calculated to lead to the discovery of admissible evidence. See Compl. ¶¶ 10, 11, 15-19, 43, 47 (claims relate to April 15-17, 2002).

18.    By responding to these interrogatories, the FBI does not waive the argument that the stay of discovery set forth in the Court's November 7, 2001 scheduling order, paragraph 5, with respect to the DEA, the FBI and FEMA, except for document discovery, remains in effect.

## RESPONSES TO PLAINTIFFS' INTERROGATORIES

**1. For each interrogatory, please identify all persons who participated or were consulted regarding the formation of the response.**

Response No. 1.: Defendant objects to this interrogatory because it is overbroad and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence. Plaintiffs' definition for "identify" includes, among other things, home address and

telephone number, social security number, "present and last known title, occupation, employer,"

dates of service," and "detailed physical description of the individual, if other identity

information is not known." Defendant objects to providing home address, home telephone

number, social security number, and detailed physical description of the individual, as Privacy

Act protected and to protect law enforcement officers from possible harm or harassment and this

information is protected by the law enforcement privilege. The term "identify" also demands all

job titles and dates of service for each individual even prior to and after the April 2000 protests;

as such, this interrogatory is not reasonably limited in subject matter. In addition, Defendant

objects to this interrogatory to the extent it calls for information protected by the work product

doctrine, and the attorney-client privilege. Defendant also objects to this interrogatory on the

grounds that it is unduly burdensome and oppressive, and in effect creates an additional subpart

for each interrogatory, in violation of the numeric limit of interrogatories set by the Court.

Subject to and without waiving the above objections, defendant directs plaintiffs to its response

to Interrogatory No. 2.


**2. For each interrogatory, please identify all persons with knowledge related to the response.**

Response No. 2.: Defendant objects to this interrogatory because it is overbroad and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence. Plaintiffs' definition for "identify" includes, among other things, home address and

telephone number, social security number, "present and last known title, occupation, employer,"

dates of service," and "detailed physical description of the individual, if other identity
information is not known." Defendant objects to providing home address, home telephone
number, social security number, and detailed physical description of the individual, on the basis
of privacy and to protect law enforcement officers from possible harm or harassment and this
information is protected by the law enforcement privilege. The term "identify" also demands all
job titles and dates of service for each individual even prior to and after the April 2000 protests;
as such, this interrogatory is not reasonably limited in subject matter. In addition, Defendant
objects to this interrogatory to the extent it calls for information protected by the work product
doctrine, and the attorney-client privilege. Defendant also objects to this interrogatory on the
grounds that it is unduly burdensome and oppressive, and in effect creates an additional subpart
for each interrogatory, in violation of the numeric limit of interrogatories set by the Court.
Subject to and without waiving the above objections, defendant responds as follows: FBI
attorneys; James Rice; and Volumes I and III of FBI's June 25th production to plaintiffs, and the
documents previously produced by FBI in this case.

**3. Please identify all agencies or entities (including law enforcement from other
jurisdictions, or private security services, who were deputized or otherwise granted
authority) who possessed or were granted law enforcement authority to be exercised in
relation to April 2000 protests.**

Response No. 3: Memorandum Order dated December 31, 2003, directs each defendant to
individually answer the interrogatories. It is redundant, counterproductive, and open to error for
FBI to respond on co-defendants' source of authority or grant of authority. In conjunction with
definition No. 21 for "identify[ing]" an "entity, " which requests the entity's address and
telephone number, this interrogatory is overbroad and unduly burdensome. This information can
be acquired by plaintiffs just as easily as it can by FBI. The defendants have already furnished
plaintiffs a list of names/agencies attending certain planning meetings. Plaintiffs can just as
easily as FBI identify, from the documents, those attending. Subject to and without waiving the
above objections, the FBI, pursuant to Fed. R. Civ. P. 33(d), refers plaintiffs to the documents

6

produced already and Volume III of FBI's June 25th production to plaintiffs.

**4. Please identify all law enforcement personnel or other personnel of yours who were assigned to work on matters related to the April 2000 IMF/World Bank demonstrations and describe their responsibilities.**

**Your answer should include, but not be limited to, a description of the person's responsibilities and for those that were deployed during the actual days of demonstrations (as opposed to those who had intelligence or planning responsibilities in advance), please also identify the geographical location (i.e. street or park locations) of that person's work or deployment.**

Response No. 4: Defendant objects to this interrogatory because it is over broad, subject to law enforcement privilege and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' definition for "identify" includes, among other things, home address and telephone number, social security number, "present and last known title, occupation, employer," dates of service," and "detailed physical description of the individual, if other identity information is not known." Defendant objects to providing home address, home telephone number, social security number, and detailed physical description of the individual, as Privacy Act protected and to protect law enforcement officers from possible harm or harassment and this information is protected by the law enforcement privilege. The term "identify" also demands all job titles and dates of service for each individual even prior to and after the April 2000 protests; as such, this interrogatory is not reasonably limited in subject matter. In addition, defendant objects to this interrogatory to the extent it calls for information protected by the work product doctrine, and the attorney-client privilege. Subject to and without waiving the above objections, the FBI responds that pursuant to Fed. R. Civ. P. 33(d), plaintiffs are referred to the documents FBI produced to plaintiffs already in this case.

**5. Please identify and describe each and every incident in which force was used against individuals involved in the April 2000 protests, during April 2000.**

> **Your answer should include, but not be limited to, the identification of the time, location and nature of the force used, as well as identification of the Officer or other personnel who was engaged in the use of force, and the persons( s) against whom such force was used. Your answer should include all use of force incidents regardless of whether they were formally reported or investigated, and regardless of**

whether you believe the use of force was justified or necessary.

Response No. 5.: In conjunction with definition No. 23 (for term "identify" for events) and definition No. 20 (for term "identify" for persons), interrogatory No. 5 is overbroad and unduly burdensome and infringes on information protected by the Privacy Act and the law enforcement privilege. The FBI also objects to this interrogatory on the grounds that the term "force" is vague and ambiguous in this context. Subject to and without waiving the above objections, the FBI responds as follows: to the extent the FBI has any information responsive to this interrogatory, such information would be in the documents previously produced by the FBI in this case. The FBI is unaware of any of its personnel using any force against demonstrators.

**6. For each use of force incident identified in response to interrogatory No 5, please identify to whom such use of force was reported, the mechanism for the reporting (whether verbal or in writing or both), all subsequent actions taken, including investigation and outcomes.**

   **Your answer should include all use of force incidents regardless of whether they were formally reported or investigated, and regardless of whether you believe the use of force was justified or necessary.**

Response: The FBI objects to this interrogatory on the grounds that the terms "force" and "use of force incident" are vague and ambiguous in this context and the interrogatory is overbroad. Subject to and without waiving the above objections, the FBI responds as follows: see response to Interrogatory No. 5.

**7. Please identify all arrests made related to the demonstrations of April 2000.**
   **Your answer should include, but not be limited to, the identity of the person arrested, the identity of the person making the arrest, the identity of the officer in charge at the scene of any arrest, a description of the circumstances and probable cause for the arrest, the date, time and location of the arrest, and the disposition of the arrest.**

Response: the FBI objects to this requests on the grounds that it is overbroad, unduly burdensome and oppressive, and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and calls for information which may be

8

an unwarranted invasion of the personal privacy of persons not a party to this suit. Subject to and without waiving the above objections, the FBI responds as follows: pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to Volume III of FBI's June 25th production to plaintiffs and the documents previously produced by FBI to plaintiffs in this case.

**8.  Please identify and describe all investigatory or Terry stops made related to the demonstrations of April 2000.**

Response No. 8: The FBI objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. The information sought goes beyond the scope of the Complaint. In addition, use of the term "investigative or Terry stop" is ambiguous. Moreover, it is just as easy for plaintiffs to (1) acquire this data from the investigating agency as it would for FBI to do so or (2) for plaintiffs to tabulate such data from the discovery already provided. After almost 4 years it is unreasonable and unreliable to request officers to recall such specific information concerning an investigative stop that may have been made during this particular event without confusing it with another investigative stop during some other event, unless such stop had been reduced to writing. Defendant also objects to the definition No. 23 for "identify" as previously explained in objections above. Subject to and without waiving the above objections, the FBI responds as follows: pursuant to Fed.R.Civ.P. 33(d), see the documents previously produced by FBI to plaintiffs in this case.

**9.  Please identify all persons (within and outside your agency) who participated in the planning of, deliberation regarding, decision-making process, or any other actions related to the closure/raid/inspection of the Convergence Center (including but not limited to the failure or refusal to reopen the Center and the failure of refusal to release the materials seized therein), and provide a brief description of their role and the decisions or actions each made and/or took.**

Response No. 9: Memorandum Order dated December 31, 2003, directs each defendant to individually answer the interrogatories. It is redundant, counterproductive, and open to error for

defendant to respond on the activities of co-defendants. Defendant also incorporates by reference

its other objections to the plaintiffs' definition of identify as set forth in response to Interrogatory

No. 1. Defendant also objects because the interrogatory is overbroad and seeks information

subject to law enforcement and deliberative process privileges. Subject to and without waiving

the above objections, the FBI responds as follows: pursuant to Fed.R.Civ.P. 33(d), plaintiffs are

referred to the documents previously produced by FBI to plaintiffs in this case.

**10. Please identify all documents, events or information which were relied upon for any decision related to the closure/raid/inspection of the Convergence Center (including but not limited to, the failure or refusal to reopen the Center and the failure or refusal to release the materials seized therein).**

Response No. 10: See Response to Interrogatory No. 9. Subject to and without waiving the

objections referenced in response to No. 9, the FBI provides that as it did not make the decisions

described in Interrogatory No. 10, the FBI is unable to identify such documents, events or

information.

**11. For the actions with regard to the convergence center, please provide the downward chain of command starting with the highest ranking agent with responsibilities related to the inspection and/or raid and/or closure of the Convergence Center (including, but no limited to, the failure or refusal to reopen the center and the failure or refusal to release the materials seized therein), along with a brief description of the nature and scope of each's responsibilities.**

Response No. 11: The FBI had no role in the decision to close the Convergence Center. See

objections and response to Interrogatory No. 9 and No. 20. To the extent the FBI has any

information responsive to this interrogatory, such information would be in the documents

previously produced by the FBI in this case, and plaintiffs are therefore referred to those

documents pursuant to Fed.R.Civ.P. 33(d).

**12. Please identify all persons (within or outside your agency) who participated in the planning of, deliberation regarding, decision-making process or any other actions related to the mass arrests on April 15, 2000 including the conditions of confinement of the arrestees, and provide a brief description of their role and the decisions or actions each made and or took.**

<u>Response No. 12</u>:  Defendant objects to this interrogatory on the grounds that it not reasonably

limited in subject matter and seeks information protected by the attorney-client privilege,

attorney work product doctrine, the law enforcement privilege, and the deliberative process

privilege.  Defendant objects to the term "identify" as defined by plaintiffs because it demands

home addresses, home telephone numbers, and social security numbers of current and former

employees.  This information is protected by the law enforcement privilege.  The term "identify"

also demands all job titles and dates of service for each individual even prior to and after the

April 2000 protests; this request is not reasonably limited in time.  Defendant also objects to this

interrogatory because the Memorandum Order dated December 31, 2003, in this case directs each

defendant to individually answer the interrogatories.  It is redundant, counterproductive, and

open to error for FBI to respond regarding the activities of co-defendants.  <u>Subject to and without</u>

<u>waiving the above objections</u>, the FBI responds as follows:  the FBI was not a party to the

decision related to the April 15, 2000, mass arrests and confinement.  To the extent the FBI has

any information responsive to this interrogatory, such information would be in the documents

previously produced by FBI to plaintiffs in this case.

**13. Please identify all documents, events or information which was relied upon for any decisions related to the April 15, 2000 mass arrests and confinement.**

<u>Response No. 13</u>:  Defendant objects to this interrogatory on the grounds that it is not reasonably

limited in subject matter and seeks information protected by the attorney-client privilege,

attorney work product doctrine, and the law enforcement privilege.  In addition, FBI refers

Plaintiffs to FBI's objections and response to Interrogatory No. 12.  <u>Subject to and without</u>

<u>waiving these objections</u>, the FBI responds as follows: the FBI was not a party to the decision

related to the April 15, 2000, mass arrests and confinement, and accordingly has no information

as to what documents, events or information were relied upon in making the decision.

**14. For the actions with regard to the April 15 mass arrests, please provide the downward chain of command starting with the highest ranking agent with responsibilities related to the inspection and/or raid and/or closure of the convergence center, along with a brief**

11

**description of the nature and scope of each's responsibilities.**

<u>Response No. 14</u>: The FBI objects to this interrogatory on the grounds that it is vague,

ambiguous and unintelligible. Plaintiffs appear to be confusing the April 15 mass arrests with

the actions at the Convergence Center. <u>Subject to and without waiving these objections</u>, FBI

refers the plaintiffs to its objections and responses to Interrogatory Nos. 7, 9 & 12 and the

documents previously produced by FBI to plaintiffs in this case.

**15. Please identify all persons (within and outside your agency) who participated in either the planning of, deliberation regarding, decision-making process or any other action related to the handling of demonstrators as the April 2000 demonstrations were occurring and provide a brief description of their role and the decisions each made.**
     **Your answer should include, but not be limited to the persons involved with regard to demonstrations at or near 21st and G St. NW on April 16, 2000; demonstrations at or near 18th and I St. NW on April 17, 2000, demonstrations at or near 20th and Pennsylvania Ave. NW on April 17, 2000, demonstrations at or near 18th and K on April 17, 2000.**

<u>Response No. 15</u>: Defendant objects to this interrogatory because its various subparts amount to

plaintiffs submitting interrogatory requests in excess of the limit set in the December 31, 2003

Memorandum Order. Defendant objects to this interrogatory to the extent it seeks information

protected by the attorney-client privilege, attorney work product doctrine, the law enforcement

privilege, and deliberative process privilege. Defendant also objects to this interrogatory because

the Memorandum Order dated December 31, 2003, directs each defendant to individually answer

the interrogatories. It is redundant, counterproductive, and open to error for this Defendant to

respond concerning the activities of co-defendants. Defendant objects to the term "identify"

(which demands home addresses, home telephone numbers, and social security numbers). As it

pertains to current or former FBI personnel or other law enforcement personnel, this information

is protected by the law enforcement privilege and by the Privacy Act. The term "identify" also

demands all job titles and dates of service for each individual even prior to and after the April

2000 protests (<u>see</u> objection to Interrogatory No. 1 concerning Definition No. 20 for "identify").

Defendant objects to the phrase "handling" because it is vague and ambiguous.    This

interrogatory is vague, compound, incapable of practical application because it is unclear from

12

the interrogatory whether the request seeks information regarding law enforcement planning

activity or law enforcement actions "as the April 2000 demonstrations were occurring." In

addition, this question is cumulative of Interrogatory No. 4.

Subject to and without waiving the above objections, the FBI responds as follows: to the extent

the FBI has any information responsive to this interrogatory, such information would be in the

documents already produced by the FBI in this case.

**16. For the actions taken with regard to the handling of demonstrators as the
demonstrations were unfolding, including at the locations described in Interrogatory 15,
please provide the downward chain of command starting with the highest ranking agent
with responsibilities, along with a brief description of the nature and scope of each
responsibilities.**

Response No. 16: Defendant objects to this interrogatory on the grounds that the term

"handling" is vague and ambiguous; this interrogatory is overbroad, unduly burdensome. Subject

to and without waiving the above objections, the FBI responds as follows: to the extent the FBI

has any information responsive to this interrogatory, plaintiffs are therefore referred to the

documents previously produced by FBI to plaintiffs in this case.

**17. Please identify all persons who made or assisted in the making of policy with respect to
the law enforcement response to the April, 2000 protests, and briefly describe the scope of
each individual's policy making authority.**

Response No. 17: Defendant objects to the definition No. 20 for identify, especially in

relationship to law enforcement personnel - see objection to Interrogatory No. 1. Defendant

objects to this interrogatory on the grounds that the phrase "making of policy with respect to the

law enforcement response" is vague and ambiguous in this context. Subject to and without

waiving the above objections, the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d),

plaintiffs are referred to the documents previously produced by the FBI to plaintiffs in this case.

**18. Please identify all law enforcement officers or agents, who may be outside of your
agency, whom you know to have had interactions with you or responsibilities connected in
any way to the April 2000 protects along with a brief description of the nature and scope of
their responsibilities.**

Response No. 18: Memorandum Order dated December 31, 2003, directs each defendants to

individually answer the interrogatories. It is redundant, counterproductive, and open to error for

13

FBI to respond on such things as the nature and scope of co-defendants' responsibilities. See also objections to Interrogatory No. 1 regarding Defendant's objections to the term identify. Defendant also objects to the extent this interrogatory seeks information protected by the law enforcement privilege. <u>Subject to and without waiving the above objections</u>, the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents previously produced by the FBI to plaintiffs in this case.

**19. Please identify all circumstances where your personnel provided information gained during protests or related to protest activity in Washington DC to other jurisdictions or agencies, such information including, but not limited to, activity related to the April 2000 protests or persons who participated or were anticipated to protest at the April 2000 protests. Your answer should include, but not be limited to, identification of the information provided, to whom it was provided, by whom it was provided, and by what mechanism it was provided (i.e., verbally, in writing, through photographs or other images).**

<u>Response No. 19</u>: Defendant objects to this interrogatory because definition No. 23 (for term "identify" for events) and definition No. 20 (for term "identify" for persons), render this interrogatory overbroad and unduly burdensome. It is also overbroad, unduly burdensome and irrelevant in that it requests material concerning dissemination of information subsequent and prior to the subject demonstrations. This interrogatory is not reasonably limited in time or subject matter and, is not reasonably calculated to lead to the discovery of admissible evidence. Information regarding the forwarding of information after the demonstrations at issue were completed is not reasonably calculated to lead to the discovery of admissible evidence relevant to the complaint in this case. A response to this interrogatory could be an unwarranted invasion of the privacy interests of persons not party to this litigation. Defendant also objects as this interrogatory seeks information protected by the law enforcement and confidential informant privilege. <u>Subject to and without waiving the above objections</u>, the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to Volumes I and III of FBI's June 25th production to plaintiffs and to the documents previously produced by FBI to plaintiffs in this case.

14

**20. Please identify all circumstances where any personnel or any agent of yours who entered the "convergence center" at any time. Your answer should include, but not be limited to, identification of the personnel, the date and the time of his/her entry, and the purpose and nature of his/her activities there.**

Response No. 20: Defendant refers plaintiffs to Defendant's response and objections to

Interrogatory No. 1 concerning Definition No. 20 for identifying individuals and response and

objections to Interrogatory No. 3 concerning definition No. 23 for identifying events. Defendant

also objects as this interrogatory is overbroad, cumulative of previous questions, vague because

there is no time frame provided and, it calls for information that is not relevant and not

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving the above objections, the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d),

plaintiffs are referred to the documents previously produced by FBI to plaintiffs in this case.

**21. Please identify with specificity all unlawful devices, including every component part, that you claim were in the possession of protestors either individually or collectively, and state the nature of the item found or observed, where it was found or observed, when it was found or observed, who found or observed it, where it was sent for analysis, if any, and what its disposition was, and whether any person was charged with its possession, and the disposition of such charges if any.**
**    Your answer should include, but not be limited, to all items that you claim are illegal or are implements of a crime and should also include all Molotov cocktails (or materials for the preparation of), pepper spray (or materials for the preparation of), other harmful fluids or objects you claim were found or observed.**

Response No. 21: Defendant objects to the term "unlawful devices" as it is ambiguous.

Defendant objects to the phrase "you claim" as it is vague and ambiguous. The disclosure of the

identity of those investigated and/or arrested for the unlawful possession of destructive devices, a

taxable commodity, is prohibited by Federal statute. See 26 U.S.C. § 6103 in conjunction with

26 U.S.C. §§ 5812; 5822; 5841, 5861, 5871. This interrogatory in conjunction with definition

No. 20 is also overbroad and unduly burdensome in that it requests defendants to provide such

things as the arrestee's title, occupation, employer, business address and phone number, or

detailed physical description, as well as name, address, SSN, home phone, etc. This

interrogatory is overbroad in scope and time in that it seeks information beyond the scope of the

15

complaint, i.e., identities and events concerning persons convicted of crimes.  See also

Defendant's response and objections to Interrogatory No. 1 concerning Definition No. 20 for

identifying individuals; see objections to Interrogatory No. 3 concerning definition No. 23 for

identifying events.  Defendant also objects because this interrogatory contains discrete subparts

which cause this set of interrogatories to exceed the limit of 50 interrogatories allowed by the

Court's Memorandum Order dated December 31, 2003.  Subject to and without waiving the

above objections, the FBI responds as follows: For information in the possession of the FBI

regarding unlawful devices referenced in this interrogatory, pursuant to Fed.R.Civ.P. 33(d),

plaintiffs are referred to the documents previously produced by FBI in this case.


**22. Please identify all illegal activities you claim were taken by protestors or protest
organizations, including plaintiffs, during April 2000 or in relation to the April 2000
protests.**

Response No. 22: Defendant objects to this interrogatory because definition No. 23 (for term

"identify" for events), definition No. 20 (for term "identify" for persons), and definition No. 22

(identifying documents) render this question overbroad, unduly burdensome and, as these terms

are defined, the response would require information protected by the Privacy Act and the law

enforcement privilege.  Defendant also objects to the term "you claim" which is vague and

ambiguous.  Moreover, even without the specific definitions, disclosure of the requested

information  may be subject to privileges, including but not limited to the law enforcement

privilege.  Defendant specifically objects to disclosing those investigated or arrested for

possession of a destructive device because disclosure of this information is prohibited by Federal

statute.  See 26 U.S.C. § 6103.  Subject to and without waiving the above objections, the FBI

responds as follows:  For information in the possession of the FBI regarding

illegal activities referenced in this interrogatory, pursuant to Fed.R.Civ.P. 33(d), plaintiffs are

referred to the documents produced by the FBI to plaintiffs in this case and to Volumes I and III

of FBI's June 25th production to plaintiffs.

16

**23. Please identify all undercover or plain clothed police officers or law enforcement agents who engaged in the use force or any violent activity in conjunction with the April 2000 demonstrations.**

Response No. 23: Defendant objects to this interrogatory because the phrase "use force or any

violent activity" is vague and ambiguous. In addition, Defendant incorporates by reference its

response, including objections, to Interrogatory No. 5.

**24.    Please identify all undercover or plain clothed police officers or law enforcement agents who committed, suggested, encouraged, planned for, or participated in any unlawful act.**

Response No. 24 : Defendant objects as overbroad as no time frame or circumstances are

provided. This interrogatory calls for information which is not relevant and not reasonably

calculated to lead to the discovery of admissible evidence. Defendant objects to the term

"identify" (demands home addresses, home telephone numbers, and social security numbers). As

it pertains to current or former FBI personnel or other law enforcement personnel, this

information is protected by the law enforcement privilege and by the Privacy Act. The term

"identify" also demands all job titles and dates of service for each individual even prior to and

after the April 2000 protests (see objection to Interrogatory No. 1 concerning Definition No. 20

for "identify"). In addition, this question is duplicative of interrogatory nos. 4 & 15. Subject to

and without waiving the above objections, the FBI responds as follows: if police officers or other

law enforcement agents were involved in the conduct referenced in the interrogatory, the FBI is

not aware of it.

**25. Please identify and describe all communications, meetings and/or training sessions at which any deliberations or planning or training related to the April 2000 protests occurred. Your answer should include, but not be limited to, the location and date of such meeting, the entity or person hosting the meeting, its invitees, its attendees, and the matters discussed.**

Response No. 25: Defendant objects to Interrogatory No. 25 on the grounds that it is overbroad,

unduly burdensome and oppressive, and calls for information which is not relevant and not

reasonably calculated to lead to the discovery of admissible evidence, and which may be subject

17

to privilege, including but not limited to the law enforcement privilege. Defendant's objections to definitions Nos. 23 and 20 are the same as those provided above. Subject to and without waiving the above objections, the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents previously produced by the FBI to plaintiffs in this case.

26.    **Please identify all intelligence reports received, including verbal reports, regarding plans or activities of protestors, protest organizations or groups of people anticipated to protest in connection with the April 2000 demonstrations.**

Response No. 26: Defendant objects to Interrogatory No. 26 on the grounds that it is overbroad, unduly burdensome and oppressive, and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. To the extent plaintiffs request "verbal" reports, this interrogatory is overbroad and unduly burdensome. After almost four years it is unreasonable to request defendant to identify, "all verbal reports" that may have been made during this particular event, unless such verbal report had been reduced to writing. Defendant also objects to this interrogatory because its response calls for information which may be subject to privileges, including but not limited to the law enforcement privilege and the confidential informant privilege. Subject to and without waiving the above objections, the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents previously produced by the FBI to plaintiffs in this case and to Volume I of FBI's June 25th production to plaintiffs.

27. **Please identify all bulletins, reports, alerts, e-communications that you are aware of, which in advance of the April 2000 demonstrations provided information or alerts regarding protestor activity or criminal or terrorist activity (insofar as such activity was connected to or related to protests, protestors or protest groups).**

Response No. 27: FBI objects to this interrogatory because it is vague and ambiguous, overbroad and unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and is subject to the law enforcement privilege. This interrogatory is vague and ambiguous in that it is unclear whether plaintiffs seek only "bulletins" created by this Defendant or bulletins posted by various protest organizations.

18

Defendant also objects to this interrogatory because it is not reasonably limited in time or subject matter and, it is cumulative.  Subject to and without waiving the above objections, the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents previously produced by the FBI to plaintiffs in this case and to Volume I of FBI's June 25th production to plaintiffs.

**28.    Please identify all persons, departments or agencies that collect or possess press clippings, press releases, excerpt from newscasts or other public statements related to the April 2000 protests.**

<u>Response No. 28</u>: Memorandum Order dated December 31, 2003, directs each defendants to individually answer the interrogatories. It is redundant, counterproductive, and open to error for this Defendant to respond regarding co-defendants' activities in this area. For information kept by other agencies, this information can be acquired by plaintiffs just as easily as it can by this Defendant. Defendant also objects, as provided above, to plaintiffs' definition concerning the "identity" of individuals, <u>e.g. see</u> response to Interrogatory No. 1. This interrogatory seeks information which may have been collected after or during the protests; this is not reasonably limited in subject matter. Moreover, this request seeks irrelevant information (maintaining clippings from public sources is not an issue in this case) and information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the above objections, the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents previously produced by the FBI to plaintiffs in this case.

**29.    Please identify the location and date of all press briefings or meetings or communications with nongovernmental organizations (including but not limited to representatives of the IMF or World Bank, the business community, other communities or entities) held with or by your representatives (including both law enforcement and or other personnel) at which the subject of the April 2000 demonstrations were discussed.**

<u>Response No. 29</u>: This interrogatory is overbroad, unduly burdensome and incapable of practical application. This question is not reasonably limited in subject matter. It is impossible to chronicle every communication, including oral communication, between all agency personnel and staff of the IMF/World Bank or other entities. This interrogatory calls for information which

19

is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendants have provided thousands of pages of documents to plaintiffs and it is just as easy for plaintiffs to document the particulars on such meetings or communications as it would be for defendants.  Subject to and without waiving the above objections, the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents previously produced by the FBI to plaintiffs in this case.

**30. Please identify with particularity the circumstances of the provision of all communications with, information and recommendations given to third parties, non-governmental entities or persons, regarding the April 2000 demonstrations.**

**Your response should include, but not be limited to, all communications with, information given and recommendations made to representatives of George Washington University, American University, the Board of Trade or Chamber of Commerce or other businesses or business group, and the WMATA regarding their anticipated handling of protestors or protest related activities in advance of the April 2000 protests, as well as during and after the demonstrations, and should identify the person(s) providing the information or recommendation, the person(s) to whom the information or recommendation was provided, when the information was provided, and the substance of the information or recommendation.**

Response No. 30: Defendant objects to this interrogatory because it is cumulative, incapable of practical application and unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. It is impossible to chronicle every communication, including oral communication, between all agency personnel and all third parties.  Communications regarding the operational security plan and the attendant plans for demonstration activity and civil disturbance with nongovernmental entities are not relevant in this action. Additionally, this questions is vague and ambiguous as to the phrase "circumstances of the provision of all communications."  Defendants also object because Definition No. 23 makes it clear this interrogatory provides for numerous subparts that must be answered, making discrete subparts which cause this set of interrogatories to exceed the limit of 50 interrogatories allowed by the Court's Memorandum Order dated December 31, 2003. Subject to and without waiving the above objections, the FBI responds as follows: Pursuant to

20

Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents previously produced by the FBI to plaintiffs in this case.

**31. Please identify and describe all circumstances in which protestors are alleged to have dressed as or impersonated police officers or other law enforcement agents.**

Response No. 31: Defendant objects to this interrogatory because it is overbroad unduly burdensome, and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because there is no time frame or location provided making is unlimited in scope.

Subject to and without waiving these objections and assuming this interrogatory pertains only to the April 2000 IMF/WB protests, the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents previously produced by the FBI to plaintiffs in this case.

**32. Identify each officer whose badge was obscured, not visible, or had the numbers punched out while deployed to handle the April 2000 protests, and for each officer state what action was taken, if any, with regard to that officer's failure to properly display identification.**

Response No. 32: Defendant objects to this interrogatory because plaintiffs' definition No. 23 (for term "identify" for events) and definition No. 20 (for term "identify" for persons), renders interrogatory No. 32 overbroad, unduly burdensome and infringes on information protected by the Privacy Act and the law enforcement privilege. This interrogatory in unclear and ambiguous as to whether Plaintiffs seek the identity of only officers who improperly failed to display their badges or whether it also includes "plain clothes" special agents who routinely do not have their badges "visible." If the latter, Defendant objects to this interrogatory because it is overbroad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the FBI responds as follows: this interrogatory does not appear directed at the FBI, as FBI agents do not carry badges with numbers displayed on the front. Furthermore, FBI agents ordinarily use credentials for

21

purposes of identifying themselves as FBI agents. To the extent the FBI has any information responsive to this interrogatory, such information would be in the documents previously produced by the FBI in this case.

**33. Please identify all undercover, plain clothed (i.e., non uniform) agents, or other persons acting on behalf of law enforcement, who posed as members of, acted in affiliation with, assembled in demonstrations with, or attended meetings of any of the plaintiffs or other persons or entities who participated in or were anticipated in the April 2000 demonstrations.**

Response No. 33: Defendant objects to this interrogatory because plaintiffs' definition No. 20 (for term "identify" for persons), renders interrogatory No. 33 overbroad, unduly burdensome and infringes on information protected by the Privacy Act and the law enforcement privilege. Defendant also objects because this interrogatory is unclear and ambiguous as to the phrases "assembled in demonstrations," "attended meetings" and "acting on behalf of law enforcement." It is unclear when a person is "assembled in" as opposed to "watching" a particular demonstration. Also, it is presumed these demonstrations were public or "open-air" assemblies to which anyone present could be considered to be "attending" or "assembling." The questions calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which may be subject to privileges including but not limited to the law enforcement and confidential informant privileges. Identification of plain clothes personnel as law enforcement agents may well compromise the ability of those individuals to function in that capacity in the future. Defendant also objects because the Memorandum Order dated December 31, 2003, directs each defendant to individually answer the interrogatories. Defendants all honor the requests from third agencies to withhold information that would compromise the identity of a confidential informant or current law enforcement investigation. Subject to and without waiving these objections, FBI responds as follows: the FBI did not have any employees or agents as described in the interrogatory.

**34. Please identify for every piece of intelligence gathered that relates to protests, protest organizations or protestors, into what databases or files or other systems of information maintenance, or to what entity or persons, such information has been disseminated or shared.**

22

**Your answer should include, but not be limited to, all information gathered by undercover or plain clothed officers or informants or any other source of information and should include all information regardless of whether you claim that such information was related to potential criminal activity and therefore somehow unrelated to First Amendment activity.**

<u>Response No. 34</u>: Defendant objects to this interrogatory because it is unclear, ambiguous, incapable of practical application, cumulative, and subject to law enforcement and confidential informant privileges and the Privacy Act. Defendant objects to this interrogatory because it is over broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs appear to be requesting data from all protests, not just April 2000 protests and not limited to protesters in this litigation. Compare definition No. 8 for "April 2000 protest" to definition No. 9 for generic "protest." Plaintiffs have failed to define the term "intelligence" and the term "files." Moreover, it appears Plaintiffs are requesting not only the names of what databases and record systems such intelligence material may be held but also asks Defendant to identify every piece of intelligence gathered ("Your answer should include, but not be limited to, all information gathered "). Defendants have turned over 1000's of documents. It would be a monumental task to list all intelligence gathered. Such a task is even more burdensome in light of Plaintiffs' definition No. 22 for "identify." Also, the disclosure of those under investigation or arrested for the unlawful possession of destructive devices, a taxable commodity, is prohibited by Federal statute. <u>See</u> 26 U.S.C. § 6103. <u>Subject to and without waiving the above objections,</u> the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents already produced by the FBI to plaintiffs in this case and to Volume I of FBI's June 25th production. File numbers on those documents refer to files which are part of the FBI's Central Records System.

**35. Please identify every file, record, database, spreadsheet, electronic or digital media, or other form of information or image collection system or item in which is located any information regarding persons arrested in connection with the April 15, 2000 mass arrests you response is to encompass all responsive information, including in field offices as well as headquarters and joint terrorism task forces, sources within your agency as well as sources outside your agency.**

23

Response No. 35: Defendant objects to this interrogatory as overbroad and unduly burdensome and oppressive, and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which may be subject to privilege, including but not limited to the law enforcement privilege. The Memorandum Order dated December 31, 2003, directs each defendant to individually answer the interrogatories. It is redundant and counterproductive for FBI to respond on arrests made by co-defendants. Moreover, the disclosure of those arrested (see Definition No. 22 requesting title or caption of "documents") for the unlawful possession of destructive devices, a taxable commodity, is prohibited by Federal statute. See 26 U.S.C. § 6103 in conjunction with 26 U.S.C. §§ 5812; 5822; 5841, 5861, 5871. Subject to and without waiving the above objections, the FBI responds as follows: Pursuant to Fed. R. Civ. P. 33(d), plaintiffs are referred to the documents already produced by the FBI to plaintiffs in this case and to Volume III of FBI's June 25th production.   File numbers on those documents refer to files which are part of the FBI's Central Records System. If reported by the arresting agency, arrest records would also be contained in the National Crime Information Center (NCIC) system of records.

**36. Please identify every file, record, database, spreadsheet, electronic or digital media, or other form of information or image collection system or item in which is located any information regarding persons or entities who participated in the April 2000 demonstrations, including but not limited to, information gathered at the "convergence center." Your response is to encompass all responsive information, including in field offices as well as headquarters and joint terrorism task forces, sources with your agency as well as sources outside your agency.**

Response No. 36: Defendant objects to this interrogatory because definition No. 22 (for "identify" for documents) renders this interrogatory overbroad and unduly burdensome. Defendant also objects to this interrogatory on the grounds that it is not reasonably limited in time. This question is overbroad, unduly burdensome and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which may be subject to privilege including but not limited to the law enforcement privilege, the

24

Privacy Act and the protective order entered in this case.

Subject to and without waiving the above objections, The FBI responds as follows: Pursuant to

Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents already produced by the FBI to

plaintiffs in this case and to Volume III of FBI's June 25th production to plaintiffs. File numbers

on those documents refer to files which are part of the FBI's Central Records System. If reported

by the arresting agency, arrest records would also be contained in the National Crime Information

Center (NCIC) system of records.

**37. For each plaintiff arrested, including the proposed plaintiff class, please identify all information taken regarding that person, including any video images, photographs, notations regarding their political activities or other activities, fingerprints, address information, observations and identify where such information is maintained and disseminated and in what format it exists.**

Response No. 37: Defendant incorporates by reference its objections and responses to

Interrogatory No. 7 and 12. Subject to and without waiving the above objections, the FBI

responds as follows: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents

produced by the FBI to plaintiffs in this case and to Volume III of FBI's June 25th production to

plaintiffs. The FBI did not make any arrests related the April 2000 protests. If reported by the

arresting agency, arrest records would be contained in the National Crime Information Center

(NCIC) system of records.

**38. Please identify all contractors providing services in connection with the April 2000 protests, and the scope of the services provided.**

Response No. 38: Defendant objects to this interrogatory because it is unclear, ambiguous,

unduly burdensome and overbroad and because it seeks information that is irrelevant and not

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving the above objections, the FBI responds as follows: VBrick provided the FBI with

equipment to assist the FBI Command Post to communicate with the MPD Command Post.

25

**39. Please identify and describe all circumstances where cameras or other recording devises were used in connection with surveillance or recording of the actions, words or images, of protestors or law enforcement in connection with the April 2000 protests, including the type of device used, the person who used or positioned or operated the camera or other devise, the location and time the device was used, a description of the information gathered, any agreements or arrangements whereby non-public property was used to conduct surveillance or recording, and all custodian(s) of any images or information gathered and stored.**

Response No. 39: Defendant objects to this interrogatory because definition No. 23 (for term

"identify" for events) renders this question overbroad and unduly burdensome and infringes on

information protected by the Privacy Act and the law enforcement privilege. Defendant objects

to this interrogatory because it is overbroad and seeks information that is irrelevant and not

reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs request "any

agreements or arrangements whereby non-public property was used to conduct surveillance." It

is unclear whether this request is directed to only places where cameras and recording devices

were used, making this a discreet subpart of an interrogatory (which would add to number of

interrogatories), or a totally new interrogatory within an interrogatory. Moreover, any such

agreements to use non-public property is irrelevant to this action and not reasonably calculated to

lead to the discovery of admissible evidence. This interrogatory also seeks information that may

be subject to privilege, including but not limited to the law enforcement privilege.  Subject to

and without waiving the above objections, the FBI responds as follows: Pursuant to Fed.R.Civ.P.

33(d), plaintiffs are referred to the documents produced by the FBI to plaintiffs in this case.

**40. Please identify all law enforcement agents or personnel or contractors or volunteers who engaged in any form of photographic video or electronic or other surveillance of protestors or entitles in connection with the April 2000 protests, and provide a brief description of the surveillance they undertook or were responsible for.**

Response No. 40:  Defendant objects to this interrogatory because definition No. 20 (for term

"identify" for persons), renders this question overbroad and unduly burdensome and the response

would require information protected by the Privacy Act and the law enforcement privilege.

Defendant objects to this interrogatory because it is unclear and ambiguous and cumulative.

Defendant objects to this interrogatory because it is overbroad and seeks information that is

irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. <u>Subject to and without waiving the above objections,</u> the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents already produced by the FBI to plaintiffs in this case.

**41. Please identify all documents or information provided to representatives with the Philadelphia police department, the Los Angeles police department, the Chicago police department, or any other jurisdictions, nationally or internationally, regarding April 2000 protest related activities or any person or entity who took part or was anticipated to take part in such activities, including but not limited to all plaintiffs.**

<u>Response No 41</u>: This interrogatory is a more specific version of interrogatory No. 19. Defendant incorporates its objections and responses to interrogatory No. 19. Defendant also objects because if any such information had been provided, it may disclose law enforcement techniques, jeopardize criminal investigations, and may be subject to the law enforcement privilege, the Privacy Act, and the Protective Order in this case. <u>Subject to and without waiving the above objections,</u> the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents produced by the FBI to plaintiffs in this case.

**42. Please identify and describe every grievance or complaint (regardless of the degree of formality with which such complaint was asserted) that you are aware of that related to the conduct of law enforcement in connection with the April 2000 protests. Your response should include all details regarding the complaint as well as the disposition of such complaint.**

<u>Response No. 42:</u> Defendant objects to this interrogatory as an unwarranted invasion of the privacy interests of persons not party to this litigation and on the grounds that it is overbroad, unduly burdensome and oppressive, and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. <u>Subject to and without waiving the above objections,</u> the FBI responds as follows: Pursuant to Fed. R. Civ. P. 33(d), plaintiffs are referred to the documents produced by the FBI to plaintiffs in this case.

**43. Please identify all litigation and its disposition, concluding all claims against you and settlements and judgments, relating to or alleging wrongful/false arrest or excessive use of force by you or your agents.**

Response No. 43: Defendant objects to this interrogatory because it is overbroad, unduly

burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. There are no false arrest or excessive use of force claims

brought specifically against the Federal Defendants in this action. In addition, this interrogatory

seeks information protected by the Privacy Act.

**44. Describe in detail each and every injury claimed by an officer or agent in conjunction with the April 2000 protests, and detail how it was sustained, the date time and location of the injury, the person who caused the injury, if any, arrests made, and medical assistance sought.**

Response No. 44: Defendant objects to this interrogatory on the grounds it is overbroad, unduly

burdensome and calls for information which is not relevant and not reasonably calculated to lead

to the discovery of admissible evidence. In addition, this interrogatory seeks information

protected by the Privacy Act. Subject to and without waiving the above objections, the FBI

responds as follows: to the extent the FBI has any information responsive to this interrogatory,

such information would be in the documents produced by the FBI in this case.

**45. Please identify each item that was removed from the convergence center by you and the disposition of that item.**

Response No. 45: Defendant objects as this interrogatory is overbroad and vague because there

is no time frame provided and, it calls for information that is not reasonably calculated to lead to

the discovery of admissible evidence. Subject to and without waiving these objections: None.

**46. Please identify the circumstances of all press credentialing that was required for a person or entity to be recognized as press or any of the events surrounding the April 2000.**

Response No. 46: Defendant objects to this interrogatory because it is overbroad, unduly

burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also object to this interrogatory on the grounds it is vague and ambiguous as to the phrase "circumstances of all press credentialing," and "events surrounding." Subject to and without waiving the above objections, the FBI responds as follows: to the extent the FBI has any information responsive to this interrogatory, such information would be in the documents produced by the FBI in this case.

**47. Please provide the factual basis for your assertions of defenses as outlined in your Answer to the Complaint in this matter.**

Response No. 47:   The FBI objects to the interrogatory on the grounds that it based on the incorrect premise that the FBI has filed an answer to the complaint in this matter. Subject to and without waiving this objection, the FBI responds as follows: The factual bases for the FBI's defenses are articulated in the declarations attached to the Motion to Dismiss.

**48. Please identify all documents referenced, relied upon, or used in the formation of the responses to these interrogatories.**

Response: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents previously produced by the FBI to plaintiffs in this case and to Volumes I and III of FBI's June 25th production to plaintiffs.

**49. Please identify with specificity all circumstances where the securing of warrants was discussed, or sought, in relation to the April 2000 protests.**

Response No. 49:   The FBI objects to this interrogatory on the grounds it is overbroad, unduly burdensome and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and which may be subject to privilege, including but not limited to the law enforcement privilege and the deliberative process privilege. Memorandum Order dated December 31, 2003, directs each defendant to individually answer the interrogatories. It is redundant, counterproductive, and open to error for this Defendant to

29

respond on warrants that were sought by and/or obtained by co-defendants. In addition, this request is incapable of practical application in that it requests matters that were "discussed." It is impossible - after four years - to expect defendant to recall all such conversations. Subject to and without waiving the above objections, the FBI responds as follows: Pursuant to Fed.R.Civ.P. 33(d), plaintiffs are referred to the documents produced by the FBI to plaintiffs in this case.

Dated: June **25**, 2004.          For objections,

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

PETER SMITH, D.C. Bar # 465131
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

30

<u>VERIFICATION</u>

I, James W. Rice, II, declare that I have read the FBI's Responses to Plaintiffs' First Set of Interrogatories and that the responses are true and correct to the best of my knowledge and are based upon my personal knowledge, upon my review and consideration of documents available to me, or upon information furnished to me by other employees of the FBI.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ____ day of June, 2004 in Washington, D.C.

James W. Rice, II
Supervisory Special Agent
Federal Bureau of Investigation
Washington, D.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I will retain the original and become custodian of FBI's Answers to Plaintiffs' Interrogatories as contemplated by LCivR 5.2(a), and that on this 25th day of June, 2004 a copy of the foregoing was sent by First Class Mail, postage prepaid to:

Mara Verheyden-Hilliard
Partnership For Civil Justice, Inc.
1901 Pennsylvania Avenue, NW
Suite 607
Washington, D.C. 20006

Thomas Koger
Office of the Corporation Counsel
441 4th St, NW
6th Floor
Washington, D.C. 20001

PETER SMITH, D.C. Bar # 465131
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

31