**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**ROBERT FISH,**

    **Plaintiff,**

    v.                                                                                            06-1281 (PLF/JMF)

**UNITED STATES OF AMERICA** *et al.*,

    **Defendants.**

**ORDER TO SHOW CAUSE**

This case was referred to me for a Report and Recommendation on <u>Defendant's Motion to Dismiss or for Summary Judgment</u> ("Defs. Mot."). Before the court may consider the motion, however, plaintiff must show cause why his participation in a related class action does not preclude his advancing his individual claims in the instant action outside the statute of limitations prescribed by the Federal Tort Claims Act ("FTCA").

In April of 2000, demonstrations against the policies of the World Bank's International Monetary Fund were held in Washington, DC. Complaint ¶ 9. As a result of the events that occurred during these demonstrations, two lawsuits were filed. Plaintiff Robert Fish participated in both.

The first lawsuit, a class action styled "Fifty Years is Enough et al., v. District of Columbia" (Civil Action No. 01-881), was filed on April 13, 2001. In that complaint, plaintiffs alleged that certain federal agencies conspired with the D.C. Metropolitan Police Department to disrupt their lawful political activities during the demonstrations. Defs. Mot., Attachment 1 at 8-42. In addition, the complaint contained a description of an incident involving Fish: "On April 17, 2000 plaintiff Rob Fish, who was taking photographs of police brutality, was beaten over the

head with a baton by an unidentified undercover agent. He was able to take a photo of the agent swinging the baton towards his head. After the camera dropped to the ground during the beating, an officer stomped on the camera. The damage to the camera destroyed some photos, but the photo of the undercover agent was salvaged." Id. at 32-33. Significantly, in the section of the complaint where the defendants are identified, "Defendant United States of America" was described as "encompass[ing] all federal law enforcement or other officials and Agencies that had any role in the violations alleged herein." Id. at 19.

The second lawsuit, the instant action, was brought by plaintiff alone. In this complaint, filed on July 20, 2006, plaintiff seeks damages under the FTCA based solely on the alleged battery, described above, that occurred on April 17, 2000. Complaint ¶ 33.

Under the FTCA, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 USC § 2674. The United States' waiver of sovereign immunity, however, is in effect only for a limited period of time:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

In the instant action, plaintiff filed his administrative claim in November of 2005. Complaint ¶¶ 27-31. Thus, since his administrative complaint was filed more than two years after the date of plaintiff's alleged assault, which occurred on April 17, 2000, the claim survives only if the court concludes that plaintiff's cause of action accrued some time after the date of the

2

alleged assault.

Plaintiff claims that the FTCA statute of limitations should be tolled because he did not become aware that the individual he claims assaulted him was a federal agent until August 1, 2005, as a result of discovery in this case. <u>Plaintiffs' Opposition to Defendants' Motion to Dismiss, or for summary Judgment and Related Rule 56(f) Motion</u> at 2.  However, even if plaintiff only became aware of this information in 2005, by virtue of his participation in the class action complaint in 2001, at a minimum, we know that he believed that federal and local law enforcement agencies conspired with the local police force to disrupt protest activities in April of 2000.  The question therefore is why, if plaintiff had sufficient information in 2001 to participate in the filing of a class action against the United States, a class action that specifically mentioned the alleged assault against plaintiff, was he unable to simultaneously file an FTCA claim.

Plaintiff is therefore ordered to show cause, at a hearing to be held before me on <u>October 1, 2007 at 2:00 p.m.</u> as to why, having previously filed a class action lawsuit in which it is alleged that there was a conspiracy between local and federal law enforcement and in which plaintiff provided a detailed description of his alleged assault by an unidentified undercover agent, plaintiff should not be precluded from bringing the current lawsuit due to his failure to timely exhaust his administrative remedies by filing an administrative tort claim within two years of the date of his alleged assault.

**SO ORDERED.**

\_\_\_/S/_____
JOHN M. FACCIOLA
August 9, 2007                                   UNITED STATES MAGISTRATE JUDGE