

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Peter Smith*
*Civil Division*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 8, 2005

Mara Verheyden-Hilliard, Esq.
Carl Messineo, Esq.
Merrilyn Onisko, Esq.
Partnership For Civil Justice, Inc.
1901 Pennsylvania Avenue, N.W.
Suite 607
Washington, D.C. 20006

      Re. <u>Alliance for Global Justice, et al. v. District of Columbia, et al.</u>, 01-0811 (PLF)

Dear Counsel:

I understand that plaintiffs in this case have served a subpoena and notice of Fed. R. Civ. 30(b)(6) deposition upon the Washington Area Metro Transit Authority (WMATA). I am writing to object to plaintiffs going forward with that deposition.

First, this office was not served with either the subpoena or notice as the rules require. Fed. R. Civ. P. 30 provides that: "A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." In addition, Fed. R. Civ. P. 45(b)(1) also states that "prior notice . . . shall be served on each party . . . ."

Second, the parties in this case jointly moved the court to enlarge the discovery period for the limited purpose of completing the previously-noticed depositions. Plaintiffs' attempt to depose WMATA goes beyond the discovery permitted by the court in this case. The parties' joint motion, filed on May 31, 2005, see Docket No. 192, states that the purpose of extending the discovery period is to "complete the approximately thirty depositions remaining in this case." Mot. at 1. As an attachment to the motion, the parties providing the court with a schedule of the remaining depositions. The WMATA deposition was never noticed in this case and is not reflected in the attachment to the joint motion.



GOVERNMENT EXHIBIT
Reply - 2

Along the same lines, plaintiffs have informed us that they would like to schedule FBI employee Susan Newman, who has not been noticed for deposition in this case, in lieu of the previously-noticed deposition of FBI employee Greg Comcowich. Ms. Newman was not timely noticed and is not reflected in the schedule submitted to the court.

While we are, of course, prepared to go forward with Mr. Comcowich's deposition, we are not willing to make Ms. Newman available in his place because doing so would not comport with the discovery limitations established by the court in this case.

Please contact me at your earliest convenience to discuss these matters.

        Very truly yours,

        KENNETH L. WAINSTEIN
        United States Attorney

        /s/

By: _____

        PETER SMITH
        Assistant United States Attorney

cc. Thomas Koger, Esq.
    Lori Parris, Esq.
    Counsel for the District of Columbia