

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Peter Smith*
*Civil Division*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 20, 2005

Mara Verheyden-Hilliard, Esq.
Carl Messineo, Esq.
Merrilyn Onisko, Esq.
Partnership For Civil Justice, Inc.
1901 Pennsylvania Avenue, N.W.
Suite 607
Washington, D.C. 20006

      Re. <u>Alliance for Global Justice, et al. v. District of Columbia, et al.</u>, 01-0811 (PLF)

Dear Counsel:

On July 8, I wrote concerning a subpoena and notice of Fed. R. Civ. 30(b)(6) deposition that plaintiffs served upon the Washington Area Metro Transit Authority (WMATA). I had written to object to plaintiffs going forward with that deposition. I have not heard from you concerning this issue.

The parties in this case jointly moved the court to enlarge the discovery period for the limited purpose of completing the previously-noticed depositions. Plaintiffs' attempt to depose WMATA goes beyond the discovery permitted by the court in this case. In addition, during today's Fed. R. Civ. P. 30(b)(6) deposition of the District of Columbia, Mr. Messineo stated that plaintiffs would pursue taking a deposition of the District of Columbia City Council or a Fed. R. Civ. P. 30(b)(6) witness to explain the District's position on certain issues concerning a City Council investigation. Such an inquiry, again would exceed the scope of the previously-noticed depositions. The parties' joint motion, filed on May 31, 2005, see Docket No. 192, states that the purpose of extending the discovery period is to "complete the approximately thirty depositions remaining in this case." Mot. at 1. As an attachment to the motion, the parties providing the court with a schedule of the remaining depositions. The WMATA deposition was never noticed in this case and is not reflected in the attachment to the joint motion.



GOVERNMENT EXHIBIT
Reply - 3

In addition, certain dismissed plaintiffs have not yet provided their written discovery responses in connection with the court's order adopting Judge Facciola's report and recommendation. Plaintiffs also have not scheduled the depositions of the dismissed entities as provided for in the court's order.

We are prepared to raise the issue of the WMATA deposition being beyond the scope of permissible discovery in this case with the court when we are together for tomorrow's deposition. However, given the fact that there are depositions we have agreed should go forward that have not yet been scheduled, we would propose that plaintiffs cancel the July 25th WMATA deposition and that the parties revisit this dispute, if there is one, once the remaining depositions have been scheduled.

Please contact me at your earliest convenience to discuss these matters.

Very truly yours,

KENNETH L. WAINSTEIN
United States Attorney

By:    /s/
       _____
       PETER SMITH
       Assistant United States Attorney

cc. Thomas Koger, Esq.
    Lori Parris, Esq.
    Counsel for the District of Columbia