

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Peter Smith*
*Civil Division*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

September 19, 2005

Mara Verheyden-Hilliard, Esq.
Carl Messineo, Esq.
Merrilyn Onisko, Esq.
Partnership For Civil Justice, Inc.
1901 Pennsylvania Avenue, N.W.
Suite 607
Washington, D.C. 20006

      Re. <u>Alliance for Global Justice, et al. v. District of Columbia, et al.</u>, 01-0811 (PLF)

Dear Counsel:

This letter is in response to your e-mail of September 16 concerning reopening the discovery period in this case. In your e-mail, you suggest three areas for which plaintiffs seek additional discovery. As you know, the discovery period in this case closed on August 31 without any of the parties moving to enlarge that period. Prior to August 31, the parties had received several extensions of the discovery period in this case in order to complete previously-noticed depositions but not to complete any additional discovery. Plaintiffs have had approximately five years to develop their case against the Federal defendants. At this point, since it has been almost three weeks since the discovery period in this case closed, the Federal defendants are willing to forgo any further discovery that could not be completed within the discovery period. That is, we oppose reopening the discovery period as to the Federal defendants and are prepared to file a dispositive motion on October 17. This would leave plaintiffs and the District defendants free to move to reopen the discovery period as between themselves in order to complete any depositions that remain outstanding. Should the court enlarge the discovery period as between the District and the plaintiffs, we will of course attend any depositions of plaintiffs or of District personnel that the District and plaintiffs agree to complete. We do not think that any new discovery is warranted.

In your e-mail you specifically note that certain Fed. R. Civ. P. 30(b)(6) depositions should be completed, that discovery should be reopened to accommodate a pending District of Columbia internal investigation, and that plaintiffs should be allowed to take limited discovery concerning Detective Louryk, who plaintiffs allege was involved in using force against plaintiff Rob Fish. We will address these points in turn. First, plaintiffs state that there are 30(b)(6) depositions of Federal defendants "that plaintiffs consider incomplete and merely adjourned." We understand

GOVERNMENT EXHIBIT 7

this reference to mean that plaintiffs are interested in conducting an additional deposition concerning Detective Louryk. We do not consider the FBI's deposition to be incomplete because, as the FBI's witness, James Rice, testified, we understand that the FBI has no additional information to provide concerning Detective Louryk. James Rice testified that the FBI does not maintain any of Detective Louryk's personnel records, that there are no FBI records concerning any use of force during the weekend of April 15 through 17, 2000, and that, specifically, there was and is no written, or even oral, report of any use of force by Detective Louryk during that time period.

Second, as to the District of Columbia investigation, consistent with the close of discovery as to the Federal defendants, we believe that the resolution of that issue must be worked out between the District and the plaintiffs.

Third, plaintiffs propose that they "be authorized to propound limited discovery relating to . . . [Detective] Louryk." The undersigned does not represent Detective Louryk. Until plaintiffs clarify what this "limited discovery" would entail, we cannot take a position on this request. As we stated previously, we will consider agreeing to limited discovery on this issue if plaintiffs explain what they intend with more specificity.

Please contact me at your earliest convenience if you have any questions or wish to discuss this letter.

Very truly yours,

KENNETH L. WAINSTEIN
United States Attorney

By: /s/ _____

PETER SMITH
Assistant United States Attorney

cc. Thomas Koger, Esq.
    Lori Parris, Esquire
    Counsel for the District of Columbia