

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Peter Smith*
*Civil Division*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 11, 2005

Mara Verheyden-Hilliard, Esq.
Carl Messineo, Esq.
Merrilyn Onisko, Esq.
Partnership For Civil Justice, Inc.
1901 Pennsylvania Avenue, N.W.
Suite 607
Washington, D.C. 20006

      Re. <u>Alliance for Global Justice, et al. v. District of Columbia, et al.</u>, 01-0811 (PLF)

Dear Counsel:

This letter is in response to your e-mail of this afternoon. In your e-mail, you state that plaintiffs and the District of Columbia defendants are proposing to re-open discovery in this case to conduct certain discovery but that plaintiffs are not seeking any additional discovery from the Federal government. We agree that since discovery is closed, any discovery of the Federal defendants is impermissible. While we would oppose any attempt to reopen discovery against the Federal government, your e-mail does not suggest that plaintiffs are seeking to do so.

I do understand from your e-mail that plaintiffs seek to depose Detective Louryk but, again, are not seeking any additional discovery about Louryk from the Federal defendants. Please let me know if I have misunderstood your e-mail with respect to Detective Louryk. As you know, this office does not represent Detective Louryk and we cannot produce him for deposition. You correctly note that since Detective Louryk is not employed by the Federal defendants he is a third-party who must be served with a subpoena. It is not clear at present whether Detective Louryk is represented by counsel and, if he is, who represents him. Federal defendants take no position on plaintiffs' proposal to reopen discovery for the limited purpose of conducting a deposition of Detective Louryk. Federal defendants reserve the right to modify their position should circumstances change.

You also note that there are claims that plaintiffs will consider withdrawing or dismissing as against the Federal defendants but you do not identify those claims. Plaintiffs propose that by the end of October, the parties should stipulate to dismiss those claims. Federal defendants are, of course, more than happy to stipulate to dismiss certain claims against them and to facilitate such a dismissal. However, since dispositive motions are due in this case by October 17, we will be filing a dispositive motion as to all claims on that date. We would appreciate a dismissal of



GOVERNMENT
EXHIBIT
8

certain claims prior to our filing on the 17th but, of course, the claims could be dismissed by stipulation later this month as well.

Your e-mail also notes that the Federal defendants have advised that they consider certain organizational plaintiffs to have been dismissed. That is not quite accurate. As you know, the court dismissed those plaintiffs conditioned on their providing discovery responses and being deposed. However, the discovery period in this case has closed. Consistent with discovery having closed and Federal defendants not having moved for an enlargement of the discovery period, Federal defendants do not now seek to reopen discovery to conduct the outstanding depositions of the conditionally-dismissed plaintiff organizations. We note that as a party, we have the right to attend any depositions in this case that go forward and make appropriate objections.

Please contact me at your earliest convenience if you have any questions or wish to discuss this letter. We look forward to your response.

                                               Very truly yours,

                                               KENNETH L. WAINSTEIN
                                               United States Attorney

                                             /s/
By:                                    _____
                                        PETER SMITH
                                        Assistant United States Attorney

cc. Thomas Koger, Esq.
    Lori Parris, Esquire
    Counsel for the District of Columbia