**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ROBERT FISH,

      Plaintiff,

      v.                                                                                   06-1281 (PLF/JMF)

UNITED STATES OF AMERICA *et al*.,

      Defendants.

**REPORT AND RECOMMENDATION**

This case was referred to me for a Report and Recommendation on Defendant's Motion

to Dismiss or for Summary Judgment ("Defs. Mot."). For the reasons stated below, I

recommend that defendant's motion be granted.

**FINDINGS OF FACT**

**Background**

1.      During the weekend of April 15-17, 2000, the World Bank's International Monetary

Fund   ("IMF") held their annual Spring meetings in the District of Columbia. Complaint ¶ 9.

2.      Demonstrations against the IMF meetings also occurred during that weekend. Defs. Mot.

      at 2.

3.      Plaintiff, Robert Fish ("Fish"), claims that on April 17, 2000, he was beaten while trying

      to photograph police misconduct during the demonstrations. Complaint ¶ 9.

**The Fifty Years Class Action**

4.      On April 13, 2001, Fish joined in the filing of a class action lawsuit styled "Fifty Years is

      Enough et al., v. District of Columbia" (Civil Action No. 01-881) ("Fifty Years"). Defs.

      Mot. at 3.

5.      In Counts X, XI and XII of the class action, plaintiffs sought recovery for excessive use

of      force. Defs. Mot., Attachment 1 at 39.  Specifically, Count X accused the defendants

        of using "excessive force against certain individual plaintiffs [that] violated the Fourth

        Amendment rights of those plaintiffs." Id.  Count XI predicated another claim of

        excessive force, this one based on the First Amendment and Count XII asserted that the

        defendants' use of excessive force against certain plaintiffs constituted assault and

battery         against those plaintiffs. Id.

6.      The United States was named as a defendant in the class action complaint.

7.      The class action plaintiffs sought compensatory damages against those federal defendants

        who were sued in their individual capacities, pursuant to Bivens v. Six Unknown

        Agents, 403 U.S. 388 (1971). Defs. Mot., Attachment 1 at 40.

8.      Paragraph 16 of the Fifty Years class action complaint states the following:  "Plaintiff

        Robert Fish was injured by excessive police force on April 17, 2000 when he was taking

        photographs of police misconduct against demonstrators.  Plaintiff Fish was beaten over

        the head by an undercover officer wielding a baton as he was taking pictures.  Another

        officer who was in uniform stomped on his camera.  Plaintiff Fish's personal property,

        including video camera and videotapes, was confiscated and not returned when

        defendants seized the Convergence Center." Defs. Mot., Attachment 1 at 10.

9.      Paragraph 128 of the Fifty Years class action complaint states the following:  "On April

        17, 2000 plaintiff Rob Fish, who was taking photographs of police brutality, was beaten

        over the head with a baton by an unidentified undercover agent.  He was able to take a

        photo of the agent swinging the baton towards his head.  After the camera dropped to the

        ground during the beating, an officer stomped on the camera.  The damage to the camera

destroyed some photos, but the photo of the undercover agent was salvaged." Defs. Mot.,

Attachment 1 at 32-33.

### The Fifty Years Administrative Claim

10.     On April 12, 2002, the Fifty Years class action plaintiffs filed an administrative claim

or "Form 95" under the Federal Torts Claims Act, 28 U.S.C. § 2671, *et seq.*, ("FTCA").

The claim was filed with seven federal agencies.[1]  Defs. Mot., Attachment 1 at 1-7.

Attached to the administrative claim was a copy of the Fifty Years class action complaint.

Defs. Mot., Attachment 1 at 8-42.

11.     The Form 95 stated that the administrative claim excluded "any plaintiffs who have filed,

or do file, individual FTCA claims on their own behalf." Defs. Mot., Attachment 1 at 4.

12.     Under a section of the Form 95 entitled "Personal Injury," the Fifty Years plaintiffs refer

to the incident involving Fish as follows:  "1. Rob Fish, assault and battery (baton

beating) (see Complaint ¶¶ 16, 128), $750,000." Defs. Mot., Attachment 1 at 5.

13.     Under a section of the Form 95 entitled "Description of Accident," the Fifty Years

plaintiffs alleged that the federal agencies named in their complaint had conspired with

the D.C. Metropolitan Police Department to disrupt their lawful political activities during

the demonstrations that occurred from April 15 to April 17, 2000. Defs. Mot.,

Attachment     1 at 6.

14.     On August 23, 2002, the United States Department of the Interior's Office of the

---

[1] Defendants in the Fifty Years administrative claim are:  1) Bureau of Alcohol, Tobacco and Firearms ("ATF"), 2) Drug Enforcement Administration ("DEA"), 3) Federal Bureau of Investigation ("FBI"), 4) Federal Emergency Management Agency ("FEMA"), 5) National Park Service ("Park Service"), 6) United States Capitol Police ("Capitol Police"), and 7) United States Secret Service ("Secret Service"). Defs. Mot., Attachment 1 at 3.

Solicitor      responded to the <u>Fifty Years</u> class action plaintiffs by letter. Defs. Mot.,

Attachment 2.        Plaintiffs were told that the Park Service had been designated the lead

agency for any        complaints against the ATF, DEA, FBI, FEMA, and Secret Service

pertaining to the      demonstrations that occurred on the weekend of April 15-17, 2000. <u>Id.</u> at

1.  Plaintiffs    were also told that any claims lodged against the Capitol Police should still be

sent    directly to the Capitol Police.

15.    The August 23, 2002 letter also stated that the Form 95 filed by the <u>Fifty Years</u> plaintiffs

       was deficient in part because it lacked specific information about which federal

       employees plaintiffs contend committed the tortuous acts complained of. Defs. Mot.,

       Attachment 2 at 2.

16.    On February 6, 2003, the <u>Fifty Years</u> plaintiffs received a second letter from the Office of

       the Solicitor. Defs. Mot., Attachment 3.  In this letter, plaintiffs were again told that their

       Form 95 was deficient and that as a result, the claim was being denied. <u>Id.</u> at 2.  Plaintiffs

       were also told that they could seek reconsideration of the Office of the Solicitor's

       decision or file suit in U.S. District Court. <u>Id.</u>

                                      **Detective Louryk**

17.    Detective John Louryk ("Louryk") was, on the date of the incident in question, an

       employee of the Transit Police Department of the Washington Metropolitan Area Transit

       Authority. Defs. Mot., Attachment 4 at 3.

18.    On July 7, 1999, Louryk was deputized by the United States Marshals' Service as a

       Special Deputy United States Marshal. <u>Plaintiff's Opposition to Defendants' Motion to</u>

       <u>Dismiss or for Summary Judgment and Related 56(f) Motion</u> ("Plains. Opp."),

                                             4

Attachment 2 at 8.  He was assigned full time to the Joint Terrorism Task Force and

received his orders from James W. Rice, a member of the FBI. Defs. Mot., Attachment 4

at 32-33.

19.    Pursuant to an agreement between the United States and local police departments, local

law enforcement personnel assigned to the Joint Terrorism Task Force are considered

federal employees for the purposes of the application of the FTCA. Plains. Opp.,

Attachment 2 at 12.

### Fish's Administrative Claim

20.    On November 4, 2005, Fish filed a Form 95 with the FBI and the Park Service. Defs.

Mot., Attachment 5.  Fish claimed that Louryk was the man who beat him over the head

with a baton during the demonstrations in 2000. Id. at 3.

### Fish's Individual Action

21.    On July 20, 2006, Fish filed suit in the United States District Court for the District of

Columbia.  See Complaint.

22.    Plaintiff claimed that an undercover federal officer committed assault and battery when

he beat plaintiff over the head with his baton and that the undercover officer was

negligent when he 1) failed to use reasonable care to avoid injuring plaintiff, 2) used

excessive force, 3) negligently and unsafely used the baton, 4) failed to follow training

with regard to the proper use of the baton, and 5) failed to secure medical care for

plaintiff. Complaint ¶¶ 33-36,

### DISCUSSION

I.    Legal Standard and Issue Presented

Under the FTCA, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674.  The United States' waiver of sovereign immunity, however, is in effect only for a limited period of time:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Fish and the class of which he was a member filed an administrative claim premised on the behavior of the federal agencies assertedly involved in the demonstration in 2002.  When the claims were finally denied in 2003, Fish took no further action.  According to Fish, it was in 2005 that he discovered that the person who hit him was employed by WMATA but had been deputized as a Special Deputy United States Marshal and that there was a memorandum of understanding that rendered the United States liable under the FTCA for any tort this man may have committed.

Since Fish did not file his claim within six months of the denial of the class action claim in 2003, his complaint would appear to be barred under 28 U.S.C. § 2401(b).  To escape that consequence, Fish insists that in the class action I am calling the *Fifty Years* case, that Fish calls the *Alliance* case, he has proceeded "solely against the District of Columbia without knowledge that an FBI agent was an independent, and Governmental, cause of his injury." Plains. Opp. at 2. He then states the following in a footnote:

> There have been no FTCA claims advanced by the Alliance

6

> plaintiffs or by Robert Fish against the Federal Defendants. There
> is no such claim for relief in the prayer for relief. That the
> <u>Alliance</u> complaint does not encompass claims against the Federal
> Government has been stated and represented repeatedly before the
> Court, including in response to the Federal Defendants' repeated
> attempts to dismiss with prejudice any future potential FTCA
> claims. <u>See</u> Opposition to Federal Defendants' Motion for
> Summary Judgment (<u>Alliance</u> docket entry 218, filed 3/10/2006) at
> 31-33 (no FTCA claims advanced in <u>Alliance</u>; argues against
> "dismissal" of potential FTCA claims where Fish had submitted
> his then-pending November 4, 2005 FTCA claim to the FBI); Pls'
> Opp to Fed Def's Dispositive Motion and Motion for More
> Definite Statement, and Pls' Motion Under Rule 56(f) (<u>Alliance</u>
> docket entry 37, filed January 30, 2002) at 9 ("That motion should
> be denied for the simple reason that the complaint does not seek
> damages from these individuals [under the FTCA].").

<u>Id.</u> at 2 n.2.

Fish then asserts that "[t]he existence of a prior and unprocessed FTCA presentment,

*made without knowledge that Fish's assailant was acting as an agent of the FBI*, does not in any

preclude the presentment of a [sic] FTCA claim, filed when Fish's claims did in fact accrue

against the federal Government, which occurred only on or about August 1, 2005 upon

disclosure that Louryk was acting in within [sic] his assignment to the FBI JTTF." <u>Id.</u> at 16.

Fish's reference to the FTCA class action claim as being "unprocessed" seems to refer

first to the letter of August 23, 2002, to class counsel from the Office of the Solicitor of the

Department of the Interior.[2]

In that letter, the Solicitor's Office first indicated that the claim was insufficient because

it was asserted on behalf of "unidentified and unknown class representatives and members." <u>Id.</u>

at 2. The Solicitor's Office then insisted that the claim be supplemented by identifying each

claimant, specifying his or her claim for "personal injury, pain or suffering, . . . property injury

---

[2] Defs. Mot., Exhibit 3.

or loss," id., and that counsel to whom the letter was addressed indicate that they were the

authorized agent or legal representative of each claimant. Id.  Finally, the Solicitor's Office

indicated that the claim, as filed, provided "no information that any Federal agency or Federal

employee acted improperly or that any actions they may have taken caused any personal injury

or property loss or damage to any named claimants." Id.

The letter therefore demanded that the claim be supplemented to provide the missing

information and warned class counsel that because "the FTCA presentment is legally inadequate,

we are unable to process it until we receive the requested information and documentary support."

Id. at 3.

The information was not provided[3] and so, on February 6, 2003, the Solicitor's Office,

noting that none of the information it had demanded had been provided in the 40 days it had

allowed, denied the claim and advised remaining class counsel of their right to seek

reconsideration or "file suit in an appropriate United States District Court not later than six

months after the date of the mailing of this notification to you." Id., Exhibit 4 at 3.

The examination of the actual letters indicates that Fish's characterization of the class

claim as "unprocessed" is incorrect insofar as that word suggests incompletion.  To the contrary,

the claim was denied for lack of sufficiently detailed information and the class was invited to file

suit.  The agency did all that it was required to do in that the second letter unequivocally denied

the class claim, thereby permitting the class to file suit.

As the letter indicated, since the claim was denied, the class had six months to file their

complaint in this Court based on the civil conspiracy and assaults and batteries that were charged

---

[3] Note that three of the lawyers to whom the letter was addressed informed the Solicitor that they no longer
represented the claimants. Id., Exhibit 4 at 1 n.1.

in the administrative tort claims.  If the class was so obliged, then Fish, as a member of that

class, was equally so obliged.  Fish does not deny in his declaration that the lawyers who filed

the administrative tort claim acted without his authority or ultra vires.  To the contrary, two of

them, Carl Messineo and Mara Verheyden-Hilliard, of the Partnership for Civil Justice, continue

to represent him in this very case.  Under the most fundamental principles of agency, Fish is

bound by what they did in his name as a member of the class they represented. Thus, contrary to

Fish's attempt to characterize it as an "unprocessed" nullity, the denial of the class

administrative tort claim was in accordance with the requirements of the FTCA and

unquestionably gave him six months to file his suit against the United States.  Thus, on February

6, 2003, when the Fifty Years class action plaintiffs received their right to sue letter from the

Office of the Solicitor, both they *and Fish* had six months within which to file their complaints.

Fish's failure to do so, on or before August 6, 2003, thus renders his July 20, 2006, complaint in

the instant action untimely.  I therefore recommend that Defendant's Motion to Dismiss or for

Summary Judgment [#11] be granted.

**Failure to file timely objections to the findings and recommendations set forth in
this report may waive your right of appeal from an order of the District Court adopting
such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985).**


                                 ___/S/_____
                                 JOHN M. FACCIOLA
December 4, 2007                   UNITED STATES MAGISTRATE JUDGE