UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT FISH,

    Plaintiff,

    v.                                             06-1281 (PLF/JMF)

UNITED STATES OF AMERICA *et al.*,

    Defendants.

## CORRECTED REPORT AND RECOMMENDATION

This case was referred to me for a Report and Recommendation on Defendant's Motion to Dismiss or for Summary Judgment ("Defs. Mot."). For the reasons stated below, I recommend that defendant's motion be granted.

### FINDINGS OF FACT

#### Background

1. During the weekend of April 15-17, 2000, the World Bank's International Monetary Fund ("IMF") held their annual Spring meetings in the District of Columbia. Complaint ¶ 9.

2. Demonstrations against the IMF meetings also occurred during that weekend. Defs. Mot. at 2.

3. Plaintiff, Robert Fish ("Fish"), claims that on April 17, 2000, he was beaten while trying to photograph police misconduct during the demonstrations. Complaint ¶ 9.

#### The Fifty Years Class Action

4. On April 13, 2001, Fish joined in the filing of a class action lawsuit styled "Fifty Years is Enough et al., v. District of Columbia" (Civil Action No. 01-881) ("Fifty Years"). Defs. Mot. at 3.

5. In Counts X, XI and XII of the class action, plaintiffs sought recovery for excessive use of force. Defs. Mot., Attachment 1 at 39.  Specifically, Count X accused the defendants of using "excessive force against certain individual plaintiffs [that] violated the Fourth Amendment rights of those plaintiffs." Id.  Count XI predicated another claim of excessive force, this one based on the First Amendment and Count XII asserted that the defendants' use of excessive force against certain plaintiffs constituted assault and battery against those plaintiffs. Id.

6. The United States was named as a defendant in the class action complaint.

7. The class action plaintiffs sought compensatory damages against those federal defendants who were sued in their individual capacities, pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Defs. Mot., Attachment 1 at 40.

8. Paragraph 16 of the Fifty Years class action complaint states the following:  "Plaintiff Robert Fish was injured by excessive police force on April 17, 2000 when he was taking photographs of police misconduct against demonstrators.  Plaintiff Fish was beaten over the head by an undercover officer wielding a baton as he was taking pictures.  Another officer who was in uniform stomped on his camera.  Plaintiff Fish's personal property, including video camera and videotapes, was confiscated and not returned when defendants seized the Convergence Center." Defs. Mot., Attachment 1 at 10.

9. Paragraph 128 of the Fifty Years class action complaint states the following:  "On April 17, 2000 plaintiff Rob Fish, who was taking photographs of police brutality, was beaten over the head with a baton by an unidentified undercover agent.  He was able to take a photo of the agent swinging the baton towards his head.  After the camera dropped to the ground during the beating, an officer stomped on the camera.  The damage to the camera

destroyed some photos, but the photo of the undercover agent was salvaged." Defs. Mot., Attachment 1 at 32-33.

## The Fifty Years Administrative Claim

10. On April 12, 2002, the Fifty Years class action plaintiffs filed an administrative claim or "Form 95" under the Federal Torts Claims Act, 28 U.S.C. § 2671, *et seq.*, ("FTCA"). The claim was filed with seven federal agencies.[1] Defs. Mot., Attachment 1 at 1-7. Attached to the administrative claim was a copy of the Fifty Years class action complaint. Defs. Mot., Attachment 1 at 8-42.

11. The Form 95 stated that the administrative claim excluded "any plaintiffs who have filed, or do file, individual FTCA claims on their own behalf." Defs. Mot., Attachment 1 at 4.

12. Under a section of the Form 95 entitled "Personal Injury," the Fifty Years plaintiffs refer to the incident involving Fish as follows: "1. Rob Fish, assault and battery (baton beating) (see Complaint ¶¶ 16, 128), $750,000." Defs. Mot., Attachment 1 at 5.

13. Under a section of the Form 95 entitled "Description of Accident," the Fifty Years plaintiffs alleged that the federal agencies named in their complaint had conspired with the D.C. Metropolitan Police Department to disrupt their lawful political activities during the demonstrations that occurred from April 15 to April 17, 2000. Defs. Mot., Attachment   1 at 6.

14. On August 23, 2002, the United States Department of the Interior's Office of the

---

[1] Defendants in the Fifty Years administrative claim are: 1) Bureau of Alcohol, Tobacco and Firearms ("ATF"), 2) Drug Enforcement Administration ("DEA"), 3) Federal Bureau of Investigation ("FBI"), 4) Federal Emergency Management Agency ("FEMA"), 5) National Park Service ("Park Service"), 6) United States Capitol Police ("Capitol Police"), and 7) United States Secret Service ("Secret Service"). Defs. Mot., Attachment 1 at 3.

Solicitor responded to the <u>Fifty Years</u> class action plaintiffs by letter. Defs. Mot., Attachment 2. Plaintiffs were told that the Park Service had been designated the lead agency for any complaints against the ATF, DEA, FBI, FEMA, and Secret Service pertaining to the demonstrations that occurred on the weekend of April 15-17, 2000. <u>Id.</u> at 1. Plaintiffs were also told that any claims lodged against the Capitol Police should still be sent directly to the Capitol Police.

15. The August 23, 2002 letter also stated that the Form 95 filed by the <u>Fifty Years</u> plaintiffs was deficient in part because it lacked specific information about which federal employees plaintiffs contend committed the tortuous acts complained of. Defs. Mot., Attachment 2 at 2.

16. On February 6, 2003, the <u>Fifty Years</u> plaintiffs received a second letter from the Office of the Solicitor. Defs. Mot., Attachment 3. In this letter, plaintiffs were again told that their Form 95 was deficient and that as a result, the claim was being denied. <u>Id.</u> at 2. Plaintiffs were also told that they could seek reconsideration of the Office of the Solicitor's decision or file suit in U.S. District Court. <u>Id.</u>

**Detective Louryk**

17. Detective John Louryk ("Louryk") was, on the date of the incident in question, an employee of the Transit Police Department of the Washington Metropolitan Area Transit Authority. Defs. Mot., Attachment 4 at 3.

18. On July 7, 1999, Louryk was deputized by the United States Marshals' Service as a Special Deputy United States Marshal. <u>Plaintiff's Opposition to Defendants' Motion to Dismiss or for Summary Judgment and Related 56(f) Motion</u> ("Plains. Opp."),

Attachment 2 at 8.  He was assigned full time to the Joint Terrorism Task Force and received his orders from James W. Rice, a member of the FBI. Defs. Mot., Attachment 4 at 32-33.

19. Pursuant to an agreement between the United States and local police departments, local law enforcement personnel assigned to the Joint Terrorism Task Force are considered federal employees for the purposes of the application of the FTCA. Plains. Opp., Attachment 2 at 12.

### Fish's Administrative Claim

20. On November 4, 2005, Fish filed a Form 95 with the FBI and the Park Service. Defs. Mot., Attachment 5.  Fish claimed that Louryk was the man who beat him over the head with a baton during the demonstrations in 2000. Id. at 3.

### Fish's Individual Action

21. On July 20, 2006, Fish filed suit in the United States District Court for the District of Columbia.  See Complaint.

22. Plaintiff claimed that an undercover federal officer committed assault and battery when he beat plaintiff over the head with his baton and that the undercover officer was negligent when he 1) failed to use reasonable care to avoid injuring plaintiff, 2) used excessive force, 3) negligently and unsafely used the baton, 4) failed to follow training with regard to the proper use of the baton, and 5) failed to secure medical care for plaintiff. Complaint ¶¶ 33-36,

### DISCUSSION

I. Legal Standard and Issue Presented

Under the FTCA, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674.  The United States' waiver of sovereign immunity, however, is in effect only for a limited period of time:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Fish and the class of which he was a member filed an administrative claim premised on the behavior of the federal agencies assertedly involved in the demonstration in 2002.  When the claims were finally denied in 2003, Fish took no further action.  According to Fish, it was in 2005 that he discovered that the person who hit him was employed by WMATA but had been deputized as a Special Deputy United States Marshal and that there was a memorandum of understanding that rendered the United States liable under the FTCA for any tort this man may have committed.

Since Fish did not file his claim within six months of the denial of the class action claim in 2003, his complaint would appear to be barred under 28 U.S.C. § 2401(b).  To escape that consequence, Fish insists that in the class action I am calling the *Fifty Years* case, that Fish calls the *Alliance* case, he has proceeded "solely against the District of Columbia without knowledge that an FBI agent was an independent, and Governmental, cause of his injury." Plains. Opp. at 2. He then states the following in a footnote:

> There have been no FTCA claims advanced by the Alliance

6

>plaintiffs or by Robert Fish against the Federal Defendants.  There is no such claim for relief in the prayer for relief.  That the Alliance complaint does not encompass claims against the Federal Government has been stated and represented repeatedly before the Court, including in response to the Federal Defendants' repeated attempts to dismiss with prejudice any future potential FTCA claims.  See Opposition to Federal Defendants' Motion for Summary Judgment (Alliance docket entry 218, filed 3/10/2006) at 31-33 (no FTCA claims advanced in Alliance; argues against "dismissal" of potential FTCA claims where Fish had submitted his then-pending November 4, 2005 FTCA claim to the FBI); Pls' Opp to Fed Def's Dispositive Motion and Motion for More Definite Statement, and Pls' Motion Under Rule 56(f) (Alliance docket entry 37, filed January 30, 2002) at 9 ("That motion should be denied for the simple reason that the complaint does not seek damages from these individuals [under the FTCA].").

Id. at 2 n.2.

Fish then asserts that "[t]he existence of a prior and unprocessed FTCA presentment, *made without knowledge that Fish's assailant was acting as an agent of the FBI*, does not in any preclude the presentment of a [sic] FTCA claim, filed when Fish's claims did in fact accrue against the federal Government, which occurred only on or about August 1, 2005 upon disclosure that Louryk was acting in within [sic] his assignment to the FBI JTTF." Id. at 16.

Fish's reference to the FTCA class action claim as being "unprocessed" seems to refer first to the letter of August 23, 2002, to class counsel from the Office of the Solicitor of the Department of the Interior.[2]

In that letter, the Solicitor's Office first indicated that the claim was insufficient because it was asserted on behalf of "unidentified and unknown class representatives and members." Id. at 2.  The Solicitor's Office then insisted that the claim be supplemented by identifying each claimant, specifying his or her claim for "personal injury, pain or suffering, . . . property injury

---

[2] Defs. Mot., Exhibit 3.

or loss," id., and that counsel to whom the letter was addressed indicate that they were the authorized agent or legal representative of each claimant. Id. Finally, the Solicitor's Office indicated that the claim, as filed, provided "no information that any Federal agency or Federal employee acted improperly or that any actions they may have taken caused any personal injury or property loss or damage to any named claimants." Id.

The letter therefore demanded that the claim be supplemented to provide the missing information and warned class counsel that because "the FTCA presentment is legally inadequate, we are unable to process it until we receive the requested information and documentary support." Id. at 3.

The information was not provided[3] and so, on February 6, 2003, the Solicitor's Office, noting that none of the information it had demanded had been provided in the 40 days it had allowed, denied the claim and advised remaining class counsel of their right to seek reconsideration or "file suit in an appropriate United States District Court not later than six months after the date of the mailing of this notification to you." Id., Exhibit 4 at 3.

The examination of the actual letters indicates that Fish's characterization of the class claim as "unprocessed" is incorrect insofar as that word suggests incompletion. To the contrary, the claim was denied for lack of sufficiently detailed information and the class was invited to file suit. The agency did all that it was required to do in that the second letter unequivocally denied the class claim, thereby permitting the class to file suit.

As the letter indicated, since the claim was denied, the class had six months to file their complaint in this Court based on the civil conspiracy and assaults and batteries that were charged

---

[3] Note that three of the lawyers to whom the letter was addressed informed the Solicitor that they no longer represented the claimants. Id., Exhibit 3 at 1 n.1.

8

in the administrative tort claims.  If the class was so obliged, then Fish, as a member of that class, was equally so obliged.  Fish does not indicate in his declaration that the lawyers who filed the administrative tort claim acted without his authority or ultra vires.  To the contrary, two of them, Carl Messineo and Mara Verheyden-Hilliard, of the Partnership for Civil Justice, continue to represent him in this very case.  Under the most fundamental principles of agency, Fish is bound by what they did in his name as a member of the class they represented. Thus, contrary to Fish's attempt to characterize it as an "unprocessed" nullity, the denial of the class administrative tort claim was in accordance with the requirements of the FTCA and unquestionably gave him six months to file his suit against the United States.  Thus, on February 6, 2003, when the Fifty Years class action plaintiffs received their right to sue letter from the Office of the Solicitor, both they *and Fish* had six months within which to file their complaints. Fish's failure to do so, on or before August 6, 2003, thus renders his July 20, 2006, complaint in the instant action untimely.  I therefore recommend that Defendant's Motion to Dismiss or for Summary Judgment [#11] be granted.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985).**

   /S/_____
JOHN M. FACCIOLA
December 17, 2007                    UNITED STATES MAGISTRATE JUDGE