```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

ROBERT FISH,                   )
                               )
           Plaintiff,          )
                               )
     v.                        ) Civil Action No. 06-1281 PLF/JMF
                               )
UNITED STATES OF AMERICA,      )
                               )
           Defendant.          )
                               )
```

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS

INTRODUCTION AND STANDARDS OF REVIEW

Plaintiff has filed objections to the Magistrate Judge's Proposed Findings And Recommendations. Plaintiff is required to "specifically identif[y] the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." See Local Civ. Rule 72.3(b). To the extent that Plaintiff has failed to make such specific objections, he is deemed to have waived any such objection. Id. (citing Thomas v. Arn, 474 U.S. 140 (1985)). Review of the matters in issue, however, are generally subject to de novo review under Local Civ. Rule 72.3(c), except that the Court may consider arguments not timely presented in opposing the dispositive motion as conceded and may treat as conceded the facts recounted in Defendant's statement of material facts which Plaintiff failed properly to refute. See Defendant's Reply at 1-2; Local Civ. R. 7(h) and 56.1; United States v. BCCI Holdings, 977 F. Supp. 1, 6 (D.D.C. 1997) ("the parties are obligated, pursuant to Local Rule 108(h)

[now Local Civ. R. 7(h) and 56.1], to identify the material facts and point to evidence of record that supports their respective positions."), aff'd mem., 159 F.3d 637 (D.C. Cir. 1998) (citing Jackson v. Finnegan, Henderson, Farabow, Garrett, 101 F.3d 145, 150-51 (D.C. Cir. 1996)).  The Court's decision not to defer resolution of a motion for summary judgment to allow discovery is committed to the discretion of the Court.  See Bigelow v. Department of Defense, 217 F.3d 875, 878 (D.C. Cir. 2000) ("Because we are unpersuaded that discovery would have reaped anything pertinent to resolving these issues, we will not upset the district court's discretionary decision to refuse to grant [plaintiff's] Rule 56(f) motion before acting on the motion for summary judgment.").  No discovery is necessary here, where the state of Plaintiff's understanding of federal involvement in his alleged assault is known by his own submissions.

ARGUMENT

Rather than reiterate the numerous bases for dismissal and summary judgment at length here, Defendant hereby incorporates by reference those arguments raised in the November 6, 2006 Memorandum Of Points And Authorities In Support Of Defendant's Motion To Dismiss Or For Summary Judgment ("Defendant's Mem.") (Docket No. 11); and the March 19, 2007 Reply To Plaintiff's Opposition To Defendant's Motion To Dismiss Or For Summary Judgment And Opposition To Plaintiff's Rule 56(f) Motion

("Defendant's Reply") (Docket No. 20); as well as the facts presented in the November 14, 2007 Declaration Of Peter S. Smith ("Smith Decl.") (Docket No. 25) (including attachments).

As noted in Defendant's Reply, Plaintiff has not properly responded to the arguments that his claims in the instant action are barred by the related doctrines of res judicata and collateral estoppel, as well as the principle of avoiding duplicative litigation,[1] because Plaintiff is seeking to raise claims that were or could have been presented in his earlier action, Alliance for Global Justice, et al. v. District of Columbia, et al., Civil Action No. 01-881.[2]  See Defendant's Reply at 1-2 (citing Fox v. Strictland, 837 F.2d 507, 509 (D.C. Cir. 1988)); Defendant's Mem. at 12-15.

Plaintiff attempts to paint the Corrected Report And Recommendation ("R&R") as somehow deficient because it does not address the notion that one's cause of action does not accrue until one employing "diligent discovery" efforts learns of his cause of action against the defendant.  See Plaintiff's Objections at 1-2.  Plaintiff, thus implies that he was entitled

---

[1]  See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

[2]  It has long been recognized that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

to wait until he was <u>sure</u> of the identify and federal affiliation of the alleged assailant before his cause of action accrued.  As the Magistrate Judge recognized, it was sufficient that the Plaintiff (at least through his agents, including Carl Messineo and Mara Verheyden-Hilliard, of the Partnership for Civil Justice) was on notice that the cause of action against the Federal Government arising out of the claimed assault had reached the point that the administrative claim submitted on Plaintiff's behalf under oath was denied on February 6, 2003.  <u>See</u> R&R at 3-4, 6-9.

The Magistrate Judge correctly found that Plaintiff had, in fact, made a claim against the United States based on the alleged assault by April 13, 2001, when "Fish joined in the filing of a class action lawsuit styled '<u>Fifty Years is Enough et al., v. District of Columbia</u>.'"  R&R at 1-2.  There was no need, therefore, to assess whether Plaintiff "should have known" sufficient facts to pursue the claim.  Rather, it has been established that he, in fact, <u>knew</u> sufficient facts to bring a claim.[3]

---

[3] Plaintiff seeks to treat the class claims in Civil Action No. 01-811 as somehow unrelated to any claim that Mr. Fish may have had for assault. Plaintiff's Objections at 1-2.  This does not change the fact that Mr. Fish brought a claim against the United States arising out of the alleged April 17, 2000 assault in Civil Action No. 01-881.  <u>See</u> R&R at 1-3.  Plaintiff suggests that because "No element of the <u>Alliance</u> lawsuit advanced claims for monetary relief against the United States," his claims against the federal government should not have been deemed known

Plaintiff's assertion that the Defendant somehow affirmatively and wrongfully concealed the Federal nature of his assailant's circumstances is also unfounded. Plaintiff's factual predicate for such a claim is unsupported, because the discovery responses provided in the <u>Alliance</u> action were accurate, came well after the limitations period had lapsed anyway, and the facts offer no basis to conclude that any deliberate concealment took place. <u>See</u> Defendant's Reply at 2, 5-13; Smith Decl., ¶¶ 3-14.

What is clear is that, if Officer Louryk is the alleged assailant of Mr. Fish, the FBI was not aware of it; indeed, it was long after the limitations period would have run that the Federal Defendants figured out that the person alleged to have been the assailant may have been deputized. <u>See</u> <u>id</u>. Moreover, Plaintiff clearly unearthed the possible participation of a WMATA officer before counsel for the United States learned of it, as it was the Plaintiff's subpoena to WMATA seeking documents and testimony related to "Det. Bruce Lorrick," that started AUSA Smith's inquiries. <u>See</u> Smith Decl., ¶ 9-13. Plaintiff has never

---

when that action was filed. <u>See</u> Plaintiff's Objections at 2-3. Mr. Fish (or his agent), however did allege involvement by federal authorities in the earlier action and sought money damages for the alleged assault by those he described as "Unknown Federal Agents, in their individual capacities." <u>See</u> Complaint in Civil Action No. 01-811, Caption and ¶¶ 1-3, 15, 128; <u>id</u>. at 33, ¶ E (seeking "Compensatory damages against the federal defendants sued in their individual capacities, pursuant to <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 1971)).

advised when or how he or his attorneys learned of the participation of anyone with a name sounding like "Det. Bruce Lorrick" in the events of April 2002. If he is seeking to support his claim that the information was concealed until August 2005 (the month after AUSA Smith learned that Plaintiff had subpoenaed information from WMATA), see Plaintiff's Objections at 3-4, then Plaintiff should be called upon to explain why he subpoenaed information from WMATA about "Det. Bruce Lorrick" before counsel for the United States had heard of this individual; and Plaintiff should be called upon to explain when he first learned of the significance to this action of this WMATA employee, before the Court accepts his unsupported assertion that discovery is needed because he claims "virtually all relevant information about Federal Government knowledge and disclosure and concealment is uniquely within the possession of the defendant." Plaintiff's Objections at 13.

The decision of whether to permit further discovery before ruling on even a motion for summary judgment is committed to the discretion of the district court. See White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990); see also Bigelow v. Department of Defense, 217 F.3d at 878. To succeed in delaying consideration of a motion for summary judgment to permit discovery pursuant to Rule 56(f), a party must, inter alia, "articulate a plausible basis for the belief that discoverable

materials exist which would raise a trialworthy issue." Price v. General Motors Corp., 931 F.2d 162, 164 (1st Cir. 1991); accord Byrd v. United States Environmental Protection Agency, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999) (no abuse of discretion for the District Court to grant summary judgment before discovery, where the plaintiff's Rule 56(f) submission failed to show what facts he intended to discover that would create a triable issue and where he instead merely made "a conclusionary assertion without any supporting facts."); Carpenter v. Federal National Mortgage Association, 174 F.3d 231, 237-38 (D.C. Cir. 1999) (pre-discovery summary judgment affirmed). To satisfy Rule 56(f), a non-movant must describe a need for "facts essential to justify the party's opposition" to a motion for summary judgment. Fed. R. Civ. P. 56(f). See also Exxon Corp. v. FTC, 663 F.2d 120, 128 (D.C. Cir. 1980) (upholding district court's denial of motion under Rule 56(f), court explained that "[plaintiff] has failed to show the requested discovery was necessary to oppose [defendant's] summary judgment motion. It is not the intent of Rule 56 to preserve purely speculative issues of fact for trial . . . .").

In short, Plaintiff is suggesting a lack of knowledge in advance of August 2005, which is contradicted by his April 13, 2001 Complaint in Civil Action No. 01-811; by his April 12, 2002 Form 95, which he addressed to, among other federal agencies, the FBI (seeking $500,000 for Mr. Fish's property loss and $750,000

for the alleged assault and battery on Mr. Fish); and by his issuance of a subpoena to WMATA in or before July 2005, seeking documents and testimony related to "Det. Bruce Lorrick."[4] Because these references make clear that Plaintiff actually had sufficient knowledge to file a pleading against the federal government based on the alleged assault long before the FBI was able to view the photograph that Plaintiff possessed and secure the deputization papers from the United States Marshals Service, Plaintiff's claims are indisputably untimely.  Those claims are further barred by the doctrines of res judicata, collateral estoppel and the principle of avoiding duplicative litigation.

---

[4]  Plaintiff has filed a conclusory declaration that he did not "know" that his assailant was a federal agent until after August 1, 2005.  See Affidavit of Robert Fish (Docket No. 16-2). He does not further explain what he meant by the term "know" and he makes no effort to describe what his attorneys (and agents) knew.  It is clear that, given the uncontroverted facts he knew and indeed put in writing in the Complaint in Civil Action No. 01-881, in his Form 95 and in his subpoena to WMATA, he clearly had, at least, reason to know about the potential federal involvement long ago, but he failed timely to pursue his claims.

CONCLUSION

For these reasons and those previously set forth in support of Defendant's dispositive motion and in the Smith Declaration, the Report and Recommendation should be followed and this action dismissed or summary judgment should be granted in favor of the Defendant.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that service of the foregoing Defendant's Response To Plaintiff's Objections To The Magistrate Judge's Proposed Findings And Recommendations has been made through the Court's electronic transmission facilities on this 28th day of January, 2008.

 

W. MARK NEBEKER, DC Bar # 396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230